# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, and : | No. 3:07cv854 |
| JOHN DOE, : | |
|     Plaintiffs : | |
| : | (Judge Munley) |
| v. : | |
| : | |
| PLEASANT VALLEY SCHOOL : | |
| DISTRICT, : | |
| PLEASANT VALLEY SCHOOL : | |
| BOARD, : | |
| JOHN J. GRESS, : | |
| DR. FRANK A. PULLO, : | |
|     Defendants : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendants' motion to dismiss (Doc. 5) the instant action, plaintiffs' motion to proceed anonymously (Doc. 9) and defendants' motion to stay discovery (Doc. 14). Having been fully briefed, the maters are ripe for disposition.

**Background**

In their complaint, plaintiffs allege that they are "adult, competent individuals who reside in Monroe County," Pennsylvania. (Complaint (hereinafter "Complt.") (Doc. 1) at ¶ 1). Defendants are Pleasant Valley School District, the district high school principal, and the superintendent of schools. (Id. at ¶¶ 2-4). Plaintiffs' case apparently arose after they complained about the classroom conduct of Bruce H. Smith, a history teacher at the high school. (Id. at ¶ 8). Plaintiffs told Defendants

Gress and Pullo that Smith showed his history class "photographs of naked and dismembered" women, made inappropriate sexual comments to students and provided a sexually explicit book to his class of sixteen- and seventeen-year-olds.[1] (Id. at ¶¶ 9-10). The book contained several "sexually offensive comments." (Id. at ¶ 10). After plaintiffs complained, the defendants allowed the teacher to contact the parents at home, causing them "substantial anxiety and emotional distress." On May 9, 2007, plaintiff filed a two-count complaint against defendants pursuant to 42 U.S.C. § 1983. The first count alleged defendants violated plaintiffs' First Amendment Rights by retaliating against them for exercising their right to speak on public matters and to petition the government. Count II alleged that defendants had failed to provide proper training to district employees, resulting in a violation of plaintiffs' constitutional rights. Plaintiffs sought injunctive relief, nominal damages, punitive damages, interest, delay damages, damages for emotional distress and attorney's fees and costs.

After plaintiffs filed their complaint, defendants filed the instant motion to dismiss. The motion sought dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(2) because plaintiffs had filed their complaint anonymously without prior court approval. (Defendants' Motion to Dismiss (Doc. 5) at § 11). Defendants argued that Federal Rule of Civil Procedure 10(a) required a caption

---

[1] The complaint does not make clear how plaintiffs came by this information or if they have a child in the school.

2

naming "'all the parties,'" and Rule 17(a) required that each party prosecute the action "'in the name of the real party in interest.'" (Brief in Support of Defendants' Motion to Dismiss (Doc. 6) at 2). A party seeking to proceed anonymously, defendants argued, must seek leave from the court to do so. Since plaintiffs did not seek such permission, defendants contend that this court does not have jurisdiction to hear the case and the complaint should be dismissed.

On June 5, 2007, plaintiffs filed a motion to proceed anonymously due to safety concerns. (Doc. 9). Plaintiffs allege that they fear for their safety if their names are revealed, contending that threats against them have been made in on-line publications. (Id. at ¶ 5). On June 13, 2007, defendants filed a motion to stay discovery (Doc. 12). They point out that plaintiffs has served them a request for production of documents on June 6, 2007, and that this request "would require an [sic] large-scale use of man power and time to retrieve documents." (Id. at ¶¶ 6, 8). Since a motion that could conclude the case was pending, defendants requested that discovery be delayed so that they could avoid unnecessary expense. (Id. at ¶¶ 8-9).

All of these motions have been fully briefed. Because they are related, we will dispose of them in a single opinion.

**Discussion**

**a. Motion to Proceed Anonymously**

Plaintiffs seek leave of the court to proceed anonymously in this matter. The

3

Federal Rules of Civil Procedure demand that litigants provide "the names of all the parties." FED. R. CIV. P. 10(a). The public nature of lawsuits and the public interest inherent in court cases make open and transparent proceedings imperative to equitable outcomes. See M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (holding that "[l]awsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.") (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)). Courts have long recognized, however, that the circumstances of a case, particularly where litigants may suffer extreme distress or danger from their participation, may require that plaintiffs proceed without revealing their true names. Courts have found that plaintiffs could proceed anonymously because they feared that revealing their true identities would lead to physical violence, deportation, arrest in their home countries and retaliation against the plaintiffs' families for bringing suit. Doe v. Advanced Textile Corp., 214 F.3d 1058, 1063 (9 th Cir. 2000). They have also allowed children who were undocumented immigrants to proceed without revealing their true names when they sought to overturn a law that prevented their access to schools in Texas. Plyler v. Doe, 457 U.S. 202 (1982). People seeking access to abortions at a time when they were generally illegal also received leave to proceed using pseudonyms. See Roe v.

Wade, 410 U.S. 113 (1973). Courts have likewise allowed those suffering from mental illness to use pseudonyms. See, e.g., Doe v. Colautti, 592 F.2d 704 (3d Cir. 1979). Children bringing a controversial challenge to a school-sponsored religious program also proceeded anonymously in the face of threatened harm for their views. Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981).

Those federal courts which have ruled on the propriety of anonymous plaintiffs have held that "a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Advanced Textile, 214 F.3d at 1068. The Ninth Circuit Court of Appeals, for example, has noted that "we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" Id. at 1067-68 (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The Fourth Circuit Court of Appeals has similarly found that "[f]ederal courts traditionally have recognized that in some cases the general presumption of open trials–including identification of parties and witnesses by their real names–should yield in deference to sufficiently pressing needs for party or witness anonymity." James v. Jacobson, 6 F.3d 233, 242 (4th Cir. 1993).

The Third Circuit Court of Appeals has not articulated a standard for weighing litigants' efforts to proceed anonymously. Federal courts in the Third Circuit, however, have held that "[i]n determining whether a party may proceed under a

pseudonym, the public's right of access should prevail unless the party requesting pseudonymity demonstrates that her interests in privacy or security justify pseudonymity." Doe v. Evans, 202 F.R.D. 173, 175 (E.D. Pa. 2001).

We find that the grounds articulated by the plaintiffs do not justify denying the public's right to know the litigants' identities.  Plaintiffs here argue that their use of pseudonyms is justified because their safety has been threatened.  They contend that exposing their identities would put them and their family at risk.  As evidence of this danger, plaintiffs point to statements made by an unidentified student on an internet blog.  The student claimed plaintiffs were "not releasing their names because they know about a hundred people will go chase them down with torches and pitchforks as soon as their names come out." (Brief in Support of Motion to Proceed Anonymously (Doc. 10) at 3).  We do not see this statement as a direct threat to the plaintiffs or their family, but more likely idle chatter about public attitudes towards the plaintiffs' claim.  Since filing a lawsuit, particularly in a matter of public interest, often exposes the litigants to controversy and disapprobation, we do not find mere expressions of anger towards the plaintiffs sufficient to warrant allowing them to proceed anonymously.  Plaintiffs have not pointed to specific threats that justify the extraordinary measure of allowing them to proceed anonymously.  Moreover, this lawsuit is about the exercise of free speech by the plaintiffs and the reaction of the school district to that exercise; a lawsuit of that type necessarily involves public statements that may make the parties to the case controversial figures.  Accordingly,

we will order the plaintiffs to amend their complaint to state their real names.

**b. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) allows defendants to move for dismissal of a complaint for "lack of jurisdiction over the subject matter." Rule 12(b)(2) allows dismissal for "lack of jurisdiction over the person. Defendants argue that we lack such jurisdiction because plaintiffs did not provide their actual identities when they filed their complaint. Because we now order the plaintiffs to provide their real names, we find that defendants' motion to dismiss is moot. We will deny it.

**c. Motion to Stay Discovery**

Defendants predicate their motion to stay discovery on a desire to avoid the potentially unnecessary expense of complying with discovery requests that would become meaningless if we granted defendants' motion to dismiss. As we have determined that defendants' motion to dismiss should be denied, defendants' motion to stay discovery has become moot. We will deny it as well.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE and JOHN DOE,** | : | No. 3:07cv854 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| **PLEASANT VALLEY SCHOOL DISTRICT, PLEASANT VALLEY SCHOOL BOARD, JOHN J. GRESS, and DR. FRANK A. PULLO,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 1st day of August 2007:

1) Defendants' motion to dismiss (Doc. 5) is **DENIED** as moot;

2) Defendants' motion for a stay of discovery (Doc. 14) is **DENIED** as moot; and

3) Plaintiffs' motion to proceed anonymously (Doc. 9) is **DENIED**. Plaintiffs are **DIRECTED** to file an amended complaint using their real names within ten (10) days or their case will be dismissed.

                                                    **BY THE COURT:**

                                                    **s/ James M. Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**