# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA YOUNG,                    :        No. 3:07cv854
WILLIAM YOUNG, and              :
PATRICIA YOUNG, on behalf    :        (Judge Munley)
of her minor daughter,             :
　　　　　　Plaintiffs               :
                                                  :
　　v.                                        :
                                                  :
PLEASANT VALLEY SCHOOL     :
DISTRICT,                                   :
JOHN J. GRESS, Principal, in his   :
individual capacity, and              :
DR. FRANK A. PULLO,                 :
Superintendent, in his individual  :
capacity,                                    :
　　　　　　Defendants            :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On June 28, 2008, this court ordered the defendants to provide information on

the ability of Defendant Pleasant Valley School District to search back-up computer

files in its possession to discover e-mails which could potentially be relevant to the

case.[1]  The plaintiffs had requested this information as part of discovery, and the

defendants had balked, contending that the request was unduly burdensome and

unlikely to produce relevant material.  After examining the relevant caselaw, the

court concluded that it lacked sufficient information on the process of recovering

_____

　　　[1]The background facts of the case are laid out in the court's previous decisions in
this matter.  We will not repeat them here.

deleted e-mails, the time required to do so, and the potential costs of that recovery. Accordingly, the court ordered the defendants to supply such information and delayed a decision on plaintiffs' motion until it had this information.

On July 9, 2008, the defendants complied with this order (Doc. 53).  They responded to the court's queries as follows:

(a) the technology required to gain access to materials preserved on the district's back-up tapes:

> The district informed the court that it already possessed the equipment necessary to gain access to this material

(b) the cost of restoring the deleted e-mails

> The district informed the court that e-mails were stored on an e-mail system, Groupwise, that it no longer used.  In order to access the deleted files, the district would have to rebuild a Groupwise server.  The district reports that "the cost to set up the required server would be a minimum of $5,000."  The district also represents that costs would be incurred in the process of searching the restored e-mails to find discoverable material, and assigns a rate of $125/hour for conducting such a search.  Given the high number of e-mails stored on the back-up tapes, the district estimates that searching them would cost at least an additional $5,000.   The district thus estimates the cost of the search to be at minimum $10,000.

2

(c) the time required to access the materials

    The district estimates a week to rebuild and restore the e-mail program, as well as additional time to access the e-mails

(d) the number of e-mails potentially preserved on the back-up tapes

    The district reports that "there are easily millions of e-mails on the server."  A precise number cannot be reported until the server is rebuilt.

(e) whether the stored e-mails can be searched by date, recipient, sender, subject, or keywords

    Once the e-mails have been restored, they can be searched by date, recipient, sender subject or keywords.

With this information in hand, the court is prepared to rule on plaintiffs' request that they be allowed to search the defendants' back-up tapes in an attempt to discover whether other complaints were made to the district about Mr. Smith, the teacher at the center of the case.

The court has previously found that complaints about Mr. Smith contained on the back-up tapes would be relevant or likely to produce relevant material.  We found that the district would in the normal course be required to turn over such material. Given the cost and time required to produce the material, however, we deferred a ruling until we received this additional material.  The court now finds that the providing the material would be unduly expensive and not likely to produce material available in another, less burdensome way.

All material subject to discovery must generally be produced, and each party is usually responsible for their own costs of production.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978).  The court may, however, limit discovery in circumstances where the costs and burdens of producing the discovery outweigh its potential benefits.  Federal Rule of Civil Procedure 26(b)(2) provides that:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2).

Plaintiffs seek permission to employ their own expert to search the back-up tapes.  The court finds this request unduly burdensome to the school district, impractical and contrary to the spirit of the Federal Rules of Civil Procedure, and will deny it.  See, e.g., Committee Note to 2006 amendment to Federal Rule of Civil Procedure 34(a) (finding that the rules related to electronic discovery were "not meant to create a routine right of direct access to a party's electronic information system, although such access may be justified in some circumstances.")  Given that an unrestricted search of the back-up tapes would likely implicate a wide variety of privacy concerns for the school district, children in the district and the parents of those students, the school district would undoubtedly need to supervise closely the

4

discovery.  This close supervision would cause great time and expense to the district, essentially creating added and unnecessary costs for any search.  If the court were to order the production of material from the backup tapes, the most efficient and least costly procedure would be one that relies on the defendants to produce the requested material.  The court would rely on the defendants to produce all of the discoverable material contained on those tapes.

The court finds, however, that the factors laid out in Rule 26(b)(2) counsel against requiring production of material from the back-up tapes.  The court has several reasons for this determination, laying particular emphasis on the third factor articulated in Rule 26(b)(2).  First, we find that the burden and expense of the proposed discovery outweighs its likely benefit.  The court accepts the district's representation of the cost of reproducing the deleted e-mails by rebuilding a discontinued server.  Though the court is skeptical about the time and expense required to search the e-mail system once it is restored, the court recognizes that $5,000 represents a significant burden to a public school system.  Searching the millions of e-mails, even with an efficient key-word system, would undoubtedly place a burden on the district staff and defense counsel charged with weeding out clearly irrelevant or privileged documents.  Second, the needs of the case also limit the usefulness of the data sought.  While complaints about Mr. Smith contained in e-mails would undoubtedly be relevant to the question of whether the district was aware of problems with the teacher, parents' complaints about Mr. Smith could be

accessed in a more cost-efficient and less burdensome way.  E-mails from other

parents would be helpful to this claim, but perhaps simply cumulative. Third, the

resources of the parties involved and the amount in controversy in this case are

relatively small.  This case does not involve a billionaire multi-national corporation

that could produce the material in question using a minuscule fraction of its budget,

and the plaintiff's do not have a large financial interest in the case which could only

be realized with information on the tapes.  Thus, the third of the factors stated in

Rule 26(b)(2) counsels against allowing the discovery.

Further, the first factor stated in the rule also makes discovery unnecessary

here.  The material sought is most likely obtainable from another source that is more

convenient, less burdensome or less expensive.  Thus, the request is "'overly broad

in scope, duplicative of prior requests and unduly burdensome.'" Cummings v.

General Motors Corp., 365 F.3d 944, 954 (10th Cir. 2004).   In this matter, the

question is not whether the district received e-mails about a teacher, but whether it

received complaints about that teacher.  Under the circumstances here presented

plaintiffs seek perhaps the most expensive and burdensome method for discovering

whether such complaints existed.  Plaintiffs have other options for obtaining this

information.  They could, for instance, take the relatively cost-efficient step of

sending written questions to parents who had students in Mr. Smith's classes, asking

if they ever made complaints to the school about him in any form.  Those parents

may have preserved copies of e-mails to the school, or they may be able to testify

6

that they sent such documents to the district.  Indeed, even in today's wired and connected society, e-mails are not the only way that parents complain about teachers: depositions of school officials could provide information about telephone calls, conferences, or conversations in hallways, offices, or supermarkets that would provide the type of material sought with this request.

The burden and expense of rebuilding the district's e-mail system in order to provide the discovery requested by the plaintiffs, along with the additional and less expensive means available for plaintiffs to get this material makes the plaintiffs' discovery request impractical.  Accordingly, the plaintiffs' motion for electronic discovery will be denied.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA YOUNG,** | : | **No. 3:07cv854** |
| **WILLIAM YOUNG, and** | : | |
| **PATRICIA YOUNG, on behalf** | : | **(Judge Munley)** |
| **of her minor daughter,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PLEASANT VALLEY SCHOOL** | : | |
| **DISTRICT,** | : | |
| **PLEASANT VALLEY SCHOOL** | : | |
| **BOARD,** | : | |
| **JOHN J. GRESS, Principal, in his** | : | |
| **individual capacity, and** | : | |
| **DR. FRANK A. PULLO,** | : | |
| **Superintendent, in his individual** | : | |
| **capacity,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 21st day of July 2008, the plaintiff's motion for

production of electronic data (Doc. 46) as it relates to e-mails stored on back-up

tapes is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**