# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA YOUNG,** | : | No. 3:07cv854 |
| **WILLIAM YOUNG, and** | : | |
| **PATRICIA YOUNG, on behalf** | : | (Judge Munley) |
| of her minor daughter, | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **PLEASANT VALLEY SCHOOL** | : | |
| **DISTRICT,** | : | |
| **JOHN J. GRESS, Principal, in his** | : | |
| **individual capacity, and** | : | |
| **DR. FRANK A. PULLO,** | : | |
| **Superintendent, in his individual** | : | |
| **capacity,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court is defendants' motion to strike plaintiff Patricia Young's affidavit (Doc. 107). Having been fully briefed, the matter is ripe for disposition.

**I. Background**

This case arises from plaintiffs' conflicts with the defendant Pleasant Valley School District over events in the United States history classroom of Bruce H. Smith. According to plaintiffs' complaint, their daughter was a student in Smith's high school class. During her time in that classroom, Smith exposed their daughter and other sixteen and seventeen year olds to "sexually explicit and offensive material" in violation of school district rules. (Amended Complaint (hereinafter

"Amended Complt.") (Doc. 17) at ¶ 9). Smith allegedly showed the students photographs of naked and dismembered female murder victims. (Id. at ¶ 10). He also asked female students about how they were dressed during a pillow fight, discussed with them push-up bras and averred that he had skipped classes in college to "'bang the cheerleader.'" (Id.). Smith exposed students to an unpublished, autobiographical tract entitled "Memoirs of a Class President." (Id. at ¶ 11). This document featured a great deal of sexually explicit material, including graphic depictions of sexual encounters related in first-person by the author. (Id.). Plaintiffs complained about this material to Defendants Gress and Pullo, the principal and superintendent of the school district. (Id. at ¶ 11-12). They allege that raising concerns about the presence of this "graphic, disturbing" material in a classroom populated by minors addressed "social, educational and safety concerns" in the Pleasant Valley school community. (Id. at ¶ 12).

On May 9, 2005, plaintiffs filed a complaint in this court alleging violations of their First Amendment rights in the school district's reaction to their complaints. (See Doc. 1). Plaintiffs filed this complaint anonymously. Defendants responded with a motion to dismiss that complaint because plaintiffs had not provided their real names and had not sought the court's permission to file the complaint anonymously. (See Doc. 5). Plaintiffs then filed a motion for permission to proceed anonymously due to safety concerns (See Doc. 9). In addition to responding to that motion, defendants filed a motion to stay discovery pending the outcome of our decision on those

motions. (See Docs. 11-12). On August 1, 2007, the court issued a memorandum and order denying plaintiff's motion to proceed anonymously and the defendants' motion to stay discovery. (See Doc. 16). The court also ordered the plaintiff to file an amended complaint that provided the plaintiffs' real names.

The plaintiffs filed their amended complaint on August 10, 2007. Defendants filed a motion to dismiss the amended complaint. (See Doc. 18). After briefing and oral argument, the court granted the motion in part and denied it in part. (See Doc. 33). The court also directed the plaintiffs to file a second amended complaint, which they did on February 18, 2008 (Doc. 35). On August 9, 2008, plaintiffs filed a third amended complaint, which added now-ripe claims under Pennsylvania law. (Doc. 54). Discovery continued and the parties eventually filed motions for summary judgment. As part of her motion, plaintiff submitted an affidavit in support of her claims. Defendants then filed the instant motion, arguing that the affidavit should be stricken from the record.

## II. Jurisdiction

As this case is brought pursuant to 42 U.S.C. § 1983, we have jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. Discussion

3

The Third Circuit Court of Appeals has noted that "[t]he Federal Rules of Civil Procedure do not prescribe how courts should address" affidavits that contradict prior deposition testimony. Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 251 (3d Cir. 2007). Still, "'a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict.'" Id. Courts have termed an affidavit produced solely for this purpose a "sham affidavit," and found that such a document "cannot raise a genuine issue of fact because it is merely a variance from earlier deposition testimony, and therefore no reasonable jury could rely on it to find for the nonmovant." Id. at 253. Not all affidavits that contradict previous sworn testimony are shams, however, and "'[w]hen there is independent evidence in the record to bolster an otherwise questionable affidavit, courts generally have refused to disregard the affidavit.'" Id. (quoting Baer v. Chase, 392 F.3d 609, 625 (3d Cir. 2004)). That additional evidence "may establish that the affiant was 'understandably' mistaken, confused, or not in possession of all the facts during the previous deposition," and the proponent of the affidavit also "has the opportunity to offer a 'satisfactory explanation' for the conflict between the prior deposition and the affidavit." Id. (quoting Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir. 1991)). If a party fails to "explain the contradiction between a subsequent affidavit and a prior deposition, it is appropriate for the district court to disregard the subsequent affidavit and the alleged factual issue in dispute as a 'sham,' therefore not creating an

4

impediment to a grant of summary judgment based on the deposition." Id.

Plaintiff executed an affidavit after she submitted to a deposition. The defendants argue that certain parts of the deposition offer testimony which contradicts or at least distorts portions of her deposition, contains plaintiff's opinions, raises matters that were not addressed at her deposition, and does not address areas about which confusion existed during her deposition. Plaintiff responds that her affidavit is merely meant to clarify her deposition testimony, and is thus admissible.

The court finds that striking the entire affidavit is not an appropriate remedy in this matter, and will deny the motion as premature. As explained above, when a party files an affidavit in support of their position on a motion for summary judgment, the court is to determine whether the evidence contained in that affidavit should be considered in light of the affiant's previous deposition testimony. Thus, the court's consideration of that affidavit is part of the court's examination of the case record as part of its decision on whether to grant summary judgment. The court is aware that the defendants consider the affidavit inadmissible, and will consider these arguments in determining whether an issue of material fact exists which requires a jury trial.

**Conclusion**

For the reasons stated above, the court will deny the defendants' motion as premature. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA YOUNG,** | : | No. 3:07cv854 |
| **WILLIAM YOUNG, and** | : | |
| **PATRICIA YOUNG, on behalf** | : | (Judge Munley) |
| of her minor daughter, | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **PLEASANT VALLEY SCHOOL** | : | |
| **DISTRICT,** | : | |
| **JOHN J. GRESS, Principal, in his** | : | |
| individual capacity, and | : | |
| **DR. FRANK A. PULLO,** | : | |
| Superintendent, in his individual | : | |
| capacity, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 5th day of November 2009, the defendants' motion to strike plaintiff's affidavit (Doc. 107) is hereby **DENIED**.

.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **UNITED STATES DISTRICT COURT**