# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA YOUNG, WILLIAM YOUNG, and PATRICIA YOUNG, on behalf of her minor daughter, | : : : : | No. 3:07cv854 |
| Plaintiffs | : : | (Judge Munley) |
| v. | : : | |
| PLEASANT VALLEY SCHOOL DISTRICT, PLEASANT VALLEY SCHOOL BOARD, JOHN J. GRESS, Principal, in his individual capacity, and BRUCE H. SMITH, JR., Defendants | : : : : : : : : | |

## MEMORANDUM

Before the court are the parties' motions *in limine*. (Docs. 120, 127, 129). Having been briefed, the matters are ripe for disposition.

**I. Background**

This case arises from plaintiffs' conflicts with the defendant school district over events in the United States history classroom of Defendant Bruce H. Smith at the Pleasant Valley, Pennsylvania high school in the spring of 2007. Smith showed students material that plaintiffs complained was sexually explicit, violent and unrelated to the history course he was teaching. At issue in the case is whether Defendant John J. Gress retaliated against the plaintiffs for complaining about

material presented by Defendant Smith, whether the school district should be liable for retaliation, and whether Defendant Smith violated the minor plaintiff's right to equal protection by creating a sexually hostile environment in his classroom. The motions *in limine* address the extent to which such material can be presented at trial, and whether the defendants' experts is properly qualified to testify..

## II. Jurisdiction

As this case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. Discussion

Each side filed motions *in limine*. The court will address each in turn.

### A. Plaintiff's Motions

Plaintiff filed two motions *in limine*.

#### I. Testimony of Defendants' Expert, Edward F. Dragan

Plaintiff seeks to exclude the testimony of the defendants' expert, Edward F. Dragan. Plaintiff argues that the report in question addresses matters that are not relevant to the case and to the extent that the report addresses relevant matters, the expert lacks material support for his conclusions.

Federal Rule of Evidence 702 provides that "a witness qualified as an expert

2

by knowledge, skill, experience, training or education" may provide opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. Courts have described the function of the district court in determining whether to admit expert testimony as a "gatekeeping" one. The trial judge has "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 598 (1993). Thus, "[t]he objective of that requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in a particular field." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

Defendant's expert, Edward F. Dragan, Ed.D., serves as a consultant to schools, attorneys and individuals. (Exh. 1 to Plaintiff's Motion (Doc. 127)). According to his resume, Dragan is certified as a school superintendent, principal, special educator, teacher, management consultant, public manager and assistant superintendent for school business. (Id.). He holds a master's degree in education law from the Franklin Pierce Law Center, an educational doctorate from Rutgers University, an MA in Special Education from the College of New Jersey, and a BA in

3

Industrial Arts Education and Psychology from the College of New Jersey. (Id.). Dragan also has certificates in other education-related areas from other universities and educational programs, including Harvard and Rutgers. (Id.). He served as a teacher and school administrator in various locations, mostly in New Jersey, from 1966-1993. (Id.). In addition, Dragan serves as an adjunct professor in education and special education at Seton Hall University and the College of New Jersey. Since 1993, he has been the founder and principal consultant for Education Management Consulting in Lambertville, NJ. (Id.). In that role, Dragan has provided services and seminars for numerous schools and agencies related to "student supervision, employee hiring, supervision and dismissal, special education, school evaluation in custody matters, sexual harassment, civil rights and other issues." (Id.). As part of this job, Dragan has served as an expert witness on educational and administrative matters in state and federal court across the country. (Id.). Dragan has also published numerous articles in peer-reviewed journals, including a several articles on sexual harassment in schools. (Id.).

Plaintiffs do not dispute that Dragan is qualified to testify as an expert on educational policy. Nor could they. Dragan's resume demonstrates that he has extensive knowledge and experience on these issues, has education relevant to the matters at hand and has published on the issues of sexual harassment and staff supervision relevant to this case. Thus, he the has relevant knowledge, skill, training and experience to testify.

Instead, plaintiffs argue that Dragan should be precluded from testifying about the school district's response to plaintiff's complaints about Smith, the teacher in this case. As the court has dismissed the claims against the school district for failing to respond properly to allegations that Smith had created a hostile environment, evidence about the adequacy of the district's response to those allegations is not relevant to the case. The court will deny the motion on these grounds. One of the questions in this case concerns the appropriateness of Gress's reactions in responding to the plaintiffs' complaints about Smith's teaching. Plaintiffs contend that he revealed their names to Smith in retaliation for their complaints, and took other action related to his investigation and curriculum that was retaliatory. Defendant Gress contends that he did not reveal their identity in disclosing those complaints, but only spoke appropriately with Smith about general complaints. Dragan could testify that his actions in speaking with Smith were appropriate in the context of educational policy. Such testimony would make it less likely that Smith acted to retaliate against plaintiffs. In any case, the motion is premature, and plaintiff's objections to the relevancy of particular portions of Dragan's testimony are best left for trial.

Plaintiffs also argue that Dragan's testimony on whether Smith created a hostile environment with his teaching should be excluded because such testimony does not meet the requirements for reliability or use of scientific methods as required by Daubert. Instead, plaintiffs contend that the report simply represents Dragan's

5

subjective belief or unsupported speculation. The court will deny the plaintiffs' motion on these grounds as well. Dragan bases his opinion on the evidence of record in this case, including the report of an investigation on the incidents here in question, Smith's personnel file, and the deposition transcripts of the various parties in the case. To this information, he applies his expertise as an educator and scholar to determine whether the actions of the Smith, Gress and the school district were appropriate under the circumstances. Plaintiff disputes his conclusions; this is appropriate for cross examination and argument in the case, but not for preclusion of Dragan's testimony. Since "[t]he grounds for an expert's opinion merely have to be good, they do not have to be perfect," the court concludes that the evidence is admissible, even though subject to vigorous challenge by the plaintiffs. In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 744 (3d Cir. 1994). As the Third Circuit Court of Appeals has noted, "A judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate. He or she will often still believe that hearing the expert's testimony and assessing its flaws was an important part of assessing what conclusion was correct and may certainly still believe that a jury attempting to reach an accurate result should consider the evidence." Id. at 745.

Even if Dragan is permitted to testify, plaintiffs contend that he should not be allowed to offer an opinion on whether Smith or the district actually created a hostile learning environment because this embraces an ultimate issue in the case, and

6

experts are not allowed to offer their opinion on such matters. Federal Rule of Evidence 704(a) provides in relevant part that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). Thus, provided that Dragan bases his conclusions on his application of expertise to the facts of the case, testimony that harassment did not occur would be appropriate. Plaintiffs contend that Dragan's testimony will go too far, offering legal conclusions rather than expert examinations of the facts at issue in this case. Such objections to Dragan's testimony are premature, and the court will deny the motion without prejudice to raising it an appropriate time during trial. The court cautions, however, that offering an opinion on the existence of harassment, provided that opinion is grounded in the facts of the case, is not objectionable.

### ii. Evidence of Plaintiff William Young's Employment History

Plaintiffs seek to exclude evidence at trial about Plaintiff William Young's employment history (Doc. 129). They argue that the evidence is not relevant to the case and was obtained in violation of Federal Rule of Civil Procedure 45 and should thus be excluded. Defendants respond that the evidence could be relevant to impeach William Young, as he contends that his family was forced to move from the school district because of the unwanted attention their complaints received. If William Young moved from the district because of a job opportunity, rather than because of pressure from his neighbors, a jury might be inclined to award plaintiffs

fewer damages. Moreover, theirs was not an intentional violation of Rule 45, defendants cured the problem as soon as they became aware of it and plaintiffs suffered no prejudice.

Plaintiffs first argue that defendants violated Federal Rule of Civil Procedure 45 in procuring this evidence, and should thus be precluded from introducing it. Rule 45(b)(1) requires that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." FED. R. CIV. P. 45(b)(1). Plaintiffs contend that their counsel was not provided with a copy of the subpoena for William Young's employment records before that subpoena was served on the parties who supplied the documents, depriving them of the opportunity to object. They do not, however, state the grounds upon which they would have objected, or argue that the records should not have been the subject of a subpoena. Defendants respond that they "substantially complied" with the notice requirement of Rule 45(b)(1). Defendants actually issued two sets of subpoenas for the same employment-related material. In the first set, they "inadvertently" failed to notice the plaintiffs. They notified the plaintiffs before serving the second subpoena. Defendants also provided plaintiffs with copies of all of the documents obtained through these subpoenas.

Plaintiffs cite to Spencer v. Steinman, 179 F.R.D. 484 (E.D. Pa. 1998), to support their position. In Spencer, an attorney for the plaintiff issued subpoenas

8

duces tecum to several non-parties without providing notice to the defense. Id. at 486. The defendant filed a motion seeking affidavits from plaintiff's counsel attesting that all documents received in response to the subpoenas had been forwarded to the defense, that the documents received be precluded from use during discovery and at trial, and that plaintiff's counsel be assessed monetary sanctions. Id. at 487. At a hearing on the issue, plaintiff's counsel explained that the failure to provide notice was an oversight; counsel had directed another attorney and a paralegal to draft and serve the subpoenas, and they had not realized the need to provide notice to the other party. Id. at 488. The court found the plaintiff's counsel liable for the rules violation, since he was responsible for his subordinates' actions. Id. at 489. The court also rejected counsel's argument that no sanctions were necessary, since he drafted a letter to defendant explaining the error and forwarded defense counsel all of the discovery obtained through the subpoenas. Id. Since the purpose of the rule is to allow a party to object before the disclosure of sensitive information and the failure to provide notice undermines the court's processes, the court reasoned, failure to provide notice was not curable simply by later providing the other side with the material. Id. The court sanctioned plaintiff's counsel with an admonishment against issuing further subpoenas without notice, an order that he file an affidavit attesting that all material obtained through the subpoenas had been provided to the defendants, and a fine of counsel fees incurred by defendant in bringing the

sanctions motion.[1]  Id.

The facts are similar here, in that defense counsel, through an oversight, failed to provide plaintiffs notice of a subpoena issued to a non-party.  Like the counsel in Spencer, defense counsel promptly notified opposing counsel when he became aware of the oversight.  He also re-issued subpoenas and provided plaintiffs with notice of them.  Defense counsel also avers that he provided plaintiffs with copies of all the discovery obtained pursuant to these subpoenas.  Plaintiffs do not contend that they did not receive this discovery.  Thus, the court's order in Spencer that the offending party attest to providing all discovery obtained through subpoenas is unnecessary here.[2]  Like the opposing party in Spencer, plaintiffs seek preclusion of the evidence obtained through these subpoenas from use at trial.  That sanction was one that the court in Spencer did not impose, or even discuss.  Like the court in Spencer, the court declines to impose that sanction.  Plaintiffs argue that they were denied an opportunity to object to the subpoenas, but the only argument they raise about the evidence obtained is that such evidence is not relevant to the issues at

---

[1] The court later reversed itself on its order that plaintiff pay attorney's fees.  No bad faith had been shown, and the court concluded that such a showing was necessary to obtain attorney's fees.  Spencer v. Steinman, No. 96-1792, 1999 U.S. Dist. LEXIS 23387, *2 n. 1 (March 1, 1999).

[2] Like the court in Spencer, however, the court will here remind defense counsel that Rule 45(b)(1) must be complied with, and that no subpoenas duces tecum should be issued to non-parties without notice to the defendants.  Oversight is not an excuse.

10

trial, an issue which the court will address.[3] They do not contend that they were prejudiced by the lack of notice, or explain why they waited until a motion in limine to object to the discovery. The court finds that preclusion would not be an appropriate remedy for the defendants' actions here, when plaintiffs demonstrate no prejudice and the material obtained in the subpoena is relevant to the case, and the court will deny the motion on those grounds.

The court also rejects the plaintiffs' argument that evidence of a job offer to William Young is irrelevant to the case. Defendants insist that they intend to use this material to impeach William Young. While the claims in the case are not related to Young's job prospects, plaintiffs do claim that defendants' conduct forced them to move to another area. Testimony that William Young had a reason to move away from the district unrelated to any retaliation could cause a jury to question whether Young's stated reasons for his actions are the real reasons for them. Thus, the

---

[3]Plaintiffs also did not raise this argument in a timely fashion, but waited until the eve of trial to address the issue. If they objected to the subject of the subpoena, rather than the content of the evidence obtained therefrom, they should have objected or sought sanctions at the time they received (belated) notice of the subpoenas. The Spencer court noted that "The risks attached to the misuse of the subpoena power are great. Under this delegation of public power, an attorney is licensed to access, through a non-party with no interest to object, the most personal and sensitive information about a party. By failing to receive prior notice of the information sought from the non-party, a party is deprived of its greatest safeguard under the Rule, *i.e.*, the ability to object to the release of the information *prior* to its disclosure." Spencer, 174 F.R.D. at 489. Plaintiffs do not contend that the subject of the subpoena was improper, or even describe what the subpoena sought, but instead claim that some of the information obtained is irrelevant to the trial. Plaintiffs' objections thus do not address what the Spencer court considered a primary purpose of the rule, and the court can rule on the relevancy of the information for trial at this stage without prejudicing the plaintiffs' rights.

11

evidence could be relevant to an issue in the case. See FED. R. EVID. 401 ("'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Moreover, the motion is premature, as defendant contends that such evidence will be used for purposes of impeachment and the court cannot yet know the facts to which Young will testify. As such, the court will deny the motion on these grounds without prejudice to the plaintiffs raising it at an appropriate time during trial.

### B. Defendants' Motion

Defendants filed two motions in limine. The court will address the first of those here, and the second in a separate opinion.[4]

#### i. Pictures, Memoir and "Dark Horse" Script

Defendants seek to exclude from trial certain material that Defendant Smith presented to his class. This material includes pictures of naked, dismembered women, a memoir by Smith that includes references to sexual activity and alcohol use during high school, and the script for a film entitled "Dark Horse." Defendants contend that this material is irrelevant to the case against the district and against Smith and, even if relevant, unduly prejudicial.

Defendants contend that the court has dismissed all claims in the case related

---

[4]The subject of the second motion is under seal, and thus the court's resolution of the matter will be filed as a separate opinion.

to the district except for retaliation claims, and that the nature of the material shown in the classroom is irrelevant to those claims. As such, they contend, the photographic evidence is not relevant to claims against the district. The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The evidence may have only marginal relevance to the claims against the district, but is surely relevant to the claims against Smith. The evidence can help explain the parents' concerns about the material shown their daughter, and thus be relevant to the reasons why they complained about classroom material. As far as Smith, though, the photographs are definitely relevant to whether he created a hostile learning environment in his classroom. The photographs make it more or less likely that Smith's teaching created a classroom environment that was so severe that a reasonable person would find it harassing. The court will therefore deny the motion on these grounds.

As to the written materials, defendants argue that they are not relevant to any claims against either the district or Defendant Smith. Beyond the fact that no claims against the district Principal Gress involve the contents of Smith's teaching, defendants also point out that the minor plaintiff admitted that she did not read much of Smith's memoir or his screenplay, and thus this material cannot be relevant to any of her claims about his teaching. The court will also deny the motion on these

13

grounds. With reference to Defendant Smith, there is no dispute that the written materials were part of his teaching, or that the minor plaintiff was part of a class that used and discussed such material. The claim against him is that he created a hostile educational environment by his methods. The types of material he used make it more or less likely that he did create such an environment, and therefore are relevant to the case.

Defendants contend that the evidence should be excluded even if it is relevant because it is unduly prejudicial and likely to cause confusion as to the case against Gress and the District. The Federal Rules of Evidence provide that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Here, because the evidence, both in terms of the photographs and the written materials, is graphic and sensationalistic, defendant contends that jurors will be tempted to find against defendants not because of the applicable legal standards, but because of disgust at the material children were shown. The court will deny the motion on these grounds as well. The court agrees that the material is unpleasant and that its contents are more relevant to the case against Smith than the case against the other defendants. The court is confident, however, that a proper jury instruction will guide the jury to placing that material in its proper context for the decisions before it. The jury instructions will

14

direct the jury to answer different questions about the behavior of the different defendants, and that instruction will direct the jury towards the evidence relevant against each. As such, the court will deny the defendants' motion.

**Conclusion**

For the reasons stated above, the court will deny the parties' motions. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA YOUNG,** | : | No. 3:07cv854 |
| **WILLIAM YOUNG, and** | : | |
| **PATRICIA YOUNG, on behalf** | : | (Judge Munley) |
| of her minor daughter, | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **PLEASANT VALLEY SCHOOL** | : | |
| **DISTRICT,** | : | |
| **PLEASANT VALLEY SCHOOL** | : | |
| **BOARD,** | : | |
| **JOHN J. GRESS, Principal, in his** | : | |
| individual capacity, | : | |
| **BRUCE H. SMITH, JR.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 12th day of April 2010, the parties' motions *in limine* (Docs. 121, 127, 129) are hereby **DENIED**

                                                         **BY THE COURT:**

                                                         **s/ James M. Munley**
                                                         **JUDGE JAMES M. MUNLEY**
                                                        **UNITED STATES DISTRICT COURT**