IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA YOUNG, WILLIAM YOUNG, III, and PATRICIA YOUNG, on behalf of her minor daughter, | : : : : | No. 3:07-CV-854 |
|     Plaintiffs | : : | (Chief Judge Kane) |
| v. | : : | |
| PLEASANT VALLEY SCHOOL DISTRICT, JOHN J. GRESS, Principal, in his individual capacity, and BRUCE H. SMITH, JR., | : : : : | |
|     Defendants | : | |

## MEMORANDUM ORDER

Plaintiffs filed their first complaint in this matter on May 9, 2007. This matter was previously scheduled to begin trial before Judge Munley on January 18, 2011, March 15, 2011, and May 23, 2011. On March 15, 2011, the case was administratively reassigned to the undersigned. On April 4, this Court rescheduled the start of trial for August 22, 2011. Now pending before the Court is Defendants' motion in limine, filed on March 1, 2011, which seeks to preclude Plaintiffs from offering testimony regarding Plaintiffs' relocation expenses, the medical expenses of Patricia Young, and tutoring expenses of Plaintiffs' minor daughter. (Doc. No. 179.) Defendants aver that such evidence should be excluded because the expense documentation supporting such damages was not produced by Plaintiffs until February 2, 2011, one month before their then-scheduled trial date of March 15, 2011. (Doc. No. 179-1 at 3.) The Court agrees that the production of documents for the first time by Plaintiffs on February 2, 2011, violates the initial disclosure requirements of the Federal Rules of Civil Procedure and the Court's scheduling order. Therefore, the Court will grant Defendants' motion in limine.

In their motion in limine, Defendants seek to preclude Plaintiffs from offering the following expense statements: (1) settlement statements of real estate and other relocation expenses; (2) medical expenses of Plaintiff Patricia Young; and (3) Plaintiffs' tutoring expenses for their minor daughter.  (Doc. No. 179-1 at 8.)  Defendants aver that such evidence should be excluded because the expense documentation supporting such damages was not produced by Plaintiffs until February 2, 2011, "nearly four years after the filing of [Plaintiffs'] first complaint and only about a month before their scheduled trial date."  (Doc. No. 179-1 at 3.)

Rule 26(a) of the Federal Rules of Civil Procedure requires a party to provide certain discovery to other parties "without awaiting a discovery request."  Fed. R. Civ. Pro. 26(a)(1)(A).  The required initial disclosure includes:

> [A] computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. Pro. 26(a)(1)(A)(iii).  The disclosure of such information must be made within fourteen days after the parties' Rule 26(f) conference "unless a different time is set by stipulation or court order."  Fed. R. Civ. Pro. 26(a)(1)(C).  Where a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information at trial "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  In considering whether to exclude evidence, the Third Circuit has directed that the following four factors be taken into consideration: "(1) the prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent of disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the non-compliance."  Hill v. Reederei F. Laeisz

G.M.B.H., Rostock, 435 F.3d 404, 423 (3d Cir. 2006) (citations omitted).

The prejudicial effect of Plaintiffs' late disclosure is obvious. Plaintiffs made these disclosures some two years after the close of discovery and long after Plaintiffs were required to disclose them by Rule 26(a)(1)(A)(iii). Failing to quantify – or even identify – categories of damages until the eve of trial impedes the opposing party's ability to place a reasonable estimated value on the case and creates the danger of trial by ambush. A party's estimate of what a case is worth dictates strategy, the amount of funds that party is willing to expend investigating and litigating a case, and the course of settlement negotiations. It is unclear how this prejudice can be cured. Counsel's promise to "permit" Defendants to depose Plaintiffs ignores not only the case management plan imposed by Judge Munley, but also the burden that would be placed on Defendants if they were required, at this late date, to interrupt trial preparation. Plaintiffs have also ignored the fact that reopening discovery may necessitate the filing of amended motions for summary judgment on these new damages claims. And if those deadlines were extended, permitting Defendants to file a motion for summary judgment – which their filings in support of this motion suggest they would be eager to do – would further delay the start of trial in a case that was first filed in May 2007. Finally, the Court observes that nowhere in Plaintiffs' filings do they give any indication regarding why this information was only disclosed in February 2011. As one district court has said, "In every trial there comes a time when discovery must be closed for the issues to be resolved through . . . trial. In the case at bar, that time has long since passed." Stambler v. RSA Sec., Inc., 212 F.R.D. 470, 472 (D. Del.

2003).[1]

**ACCORDINGLY**, on this 19th day of April 2011, **IT IS HEREBY ORDERED** that Defendants' motion in limine (Doc. No. 179) is **GRANTED**.

      S/ Yvette Kane
      Yvette Kane, Chief Judge
      United States District Court
      Middle District of Pennsylvania

---

[1] Plaintiffs cite this Court's order in Shumek v. McDowell, 3:09-cv-216 (M.D. Pa. Jan. 19, 2011), in support of their position that these documents should be allowed. However, that matter is readily distinguishable from the above-captioned case. In that case, the Court denied in part the plaintiff's motion in limine because the evidence only served to supplement the evidence defendant had previously disclosed. In addition, in Shumek the plaintiff was aware of the evidence, and indeed had signed many of the documents disclosed by defendants. Accordingly, the Court determined that the disclosure of the evidence, which was done as soon as practicable by defendants, would not, in any serious way, affect the course of trial or plaintiff's prosecution of the case.