IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA YOUNG, WILLIAM YOUNG, III, and PATRICIA YOUNG, on behalf of her minor daughter, | : : : : | No. 3:07-CV-854 |
| Plaintiffs | : : | (Chief Judge Kane) |
| v. | : : | |
| PLEASANT VALLEY SCHOOL DISTRICT, JOHN J. GRESS, Principal, in his individual capacity, and BRUCE H. SMITH, JR., | : : : : : | |
| Defendants | : | |

## MEMORANDUM ORDER

Plaintiffs delivered a number of subpoenas to Defendant Pleasant Valley School District's district office on February 24, 2011.  (Doc. No. 189-2.)  Rather than personally serving the witnesses in question, some of whom are employed by the District, Plaintiffs "left [the subpoenas with] Shirley at [the] front desk."  (Id.)  Plaintiffs now move for an order to compel Defendants to deliver the subpoenas to the witnesses.  (Doc. No. 189.)

Rule 45 of the Federal Rules of Civil Procedure provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena.  Serving a subpoena requires delivering a copy to the named person."  Fed. R. Civ. P. 45(b)(1).  The majority of courts, including courts in this circuit, interpret this rule as requiring personal service of a subpoena.  James Wm. Moore, et al., 9 Moore's Federal Practice § 45.21 (Matthew Bender 3d ed.); In re Johnson & Johnson, 59 F.R.D. 174, 177 (D. Del. 1973) (service on corporation's registered agent does not satisfy service requirement for employee of corporation); see also Vitale v. Repetti, No. 05-5685, 2007 U.S. Dist. LEXIS 43839, at *5-6 (D.N.J. June 18, 2007) (mailing subpoenas insufficient under Rule

45(b)(1)); Parker v. Doe, No. 02-7215, 2002 U.S. Dist. LEXIS 23498, at *6 (E.D. Pa. Nov. 21, 2002). It is undisputed that Plaintiffs did not effect personal service on these witnesses. Rather, the subpoenas were "left [with] Shirley." (Doc. No. 189-2.) As such, service of the subpoenas was defective. Further, Plaintiffs' motion to compel Defendants to effect service on the witnesses in question must also fail. The Court finds no basis in law, and Plaintiffs identify none, justifying an order deputizing Defendants as Plaintiffs' process server.

**ACCORDINGLY**, on this 29th day of April 2011, **IT IS HEREBY ORDERED** that Plaintiffs' motion to compel (Doc. No. 189) is **DENIED**.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania