IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA YOUNG, WILLIAM YOUNG, III, and PATRICIA YOUNG, on behalf of her minor daughter, | : : : | No. 3:07-CV-854 |
| Plaintiffs | : : | (Chief Judge Kane) |
| v. | : : | |
| PLEASANT VALLEY SCHOOL DISTRICT, JOHN J. GRESS, Principal, in his individual capacity, and BRUCE H. SMITH, JR., | : : : : | |
| Defendants | : | |

**MEMORANDUM ORDER**

On July 29, 2011, Plaintiffs filed a motion in limine to preclude Defendants from introducing sympathy cards and Defendant Smith's resignation letter at trial. (Doc. No. 209.) Plaintiffs filed a brief in support on August 5, 2011. (Doc. No. 220.) Defendants filed a brief in opposition on August 11, 2011. (Doc. No. 234.)

Regarding Defendant Smith's letter of resignation, Plaintiffs argue that because the letter was produced after the close of discovery and because the Court previously precluded Plaintiffs from introducing evidence that had been produced after the close of discovery, that the Court must exclude the letter of resignation. (Doc. No. 220 at 1-2.) Discovery closed in this matter on April 1, 2009. (Doc. No. 61.) However, Defendant Smith did not resign until June 30, 2010. (Doc. No. 234 at 2.) Defendants informed Plaintiff that Defendant Smith had resigned on July 13, 2010. (Id.) Defendants intend to introduce the letter to "establish the fact of Defendant Smith's resignation and . . . to establish the date of resignation." (Id. at 3.) In considering whether to exclude evidence, the Third Circuit has directed that the following four factors be

1

taken into consideration: "(1) the prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent of disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the non-compliance." Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 423 (3d Cir. 2006) (citations omitted). There is no prejudice to Plaintiffs as they have been aware of the facts the letter is being produced to establish for approximately twenty-five months. There is no suggestion that Plaintiffs were surprised by these facts or that Defendants intended to establish these facts at trial. Further, there can be no suggestion that Defendants acted in bad faith in failing to produce the evidence prior to the close of discovery, as the evidence did not exist until a year after discovery closed. Because Defendants disclosed the information shortly after it became available, and because Plaintiffs have been aware of the evidence for approximately two years, the Court cannot exclude the evidence.

      Next, Plaintiffs move to exclude a sympathy card given to Defendant Smith and signed by the minor Plaintiff. Plaintiffs contend the evidence is irrelevant and unfairly prejudicial. (Doc. No. 220 at 2-3.) "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

      Defendants argue the sympathy card is relevant. They note that the minor Plaintiff signed the card after she complained of an allegedly hostile learning environment created by Defendant

Smith, and that the minor Plaintiff wrote "Missed you Smith . . . Sorry for your loss . . . Welcome Back from me and Godzilla . . . Meg." (Doc. No. 234 at 3.) The message also include a drawing of Godzilla. (Id.) Defendants argue that this note undermines Plaintiffs claims of trauma and reflect on her state of mind. (Id.) The Court agrees and concludes that the sympathy card is probative of a fact of consequence. Further, the Court is skeptical that the sympathy card would create any unfair prejudice, and to the extent that it would, the Court is satisfied that the probative value of the evidence is not outweighed by such prejudice.

**ACCORDINGLY**, on this 18th day of August 2011, **IT IS HEREBY ORDERED** that Plaintiffs' motion in limine (Doc. No. 209) is **DENIED**.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania