IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA YOUNG, WILLIAM YOUNG, III, and PATRICIA YOUNG, on behalf of her minor daughter, | : : : : | No. 3:07-CV-854 |
|     Plaintiffs | : : | (Chief Judge Kane) |
| v. | : : | |
| PLEASANT VALLEY SCHOOL DISTRICT, JOHN J. GRESS, Principal, in his individual capacity, and BRUCE H. SMITH, JR., | : : : : : | |
|     Defendants | : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Plaintiffs' motion to exclude Dr. Edward Dragan's expert testimony from trial pursuant to Rule 37 of the Federal Rules of Civil Procedure for Defendants' alleged failure to comply with Rule 26 of the Federal Rules of Civil Procedure. (Doc. No. 228.)  Plaintiffs contend Defendants have failed to provide: (1) the "investigative file" on which Dr. Dragan relied in forming his expert opinion[1]; (2) a list of cases in which he had provided testimony; and (3) information regarding Dr. Dragan's compensation.  (Id. ¶ 2.)  In support of their position, Plaintiffs cite a single case from the District of Kansas.  Plaintiffs fail to even allude to the test set forth by the United States Court of Appeals for the Third Circuit for excluding evidence.  See Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 423 (3d Cir. 2006) (directing that the following four factors be taken into consideration: "(1) the

---

[1] Plaintiffs also note that Dr. Dragan could not recall what specific documents were in the file in question when he was deposed on August 9, 2011.  They do not, however, argue that this is a proper basis for excluding evidence under the Federal Rules.  In the absence of any argument from Plaintiffs on this issue, the Court declines to address it.

prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent of disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the non-compliance"). Nor do Plaintiffs acknowledge that exclusion for failure to disclose or supplement is not warranted where such failure is "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In response to Plaintiffs' motion, Defendants contest both the facts and the law upon which Plaintiffs rely. Regarding the investigation file, Defendants note that: (1) the investigation file refers to Defendant Gress's investigation file; (2) Dr. Dragan's report describes the contents of the file in some detail (see Doc. No. 127-2 at 8-13); and (3) Defendants produced the file in discovery on October 16, 2007. (Doc. No. 236 at 2-3.) Regarding the fees statement, Defendants acknowledge that they did not provide Plaintiffs with Dr. Dragan's fees statement; however, they note that Plaintiffs were able to question Dr. Dragan regarding his compensation during his deposition and that they have since supplied Plaintiffs with the information. Finally, regarding the list of cases in which Dr. Dragan has testified, Defendants note that the list of cases was included in the original expert report submitted in May 2009. (Doc. No. 236-3.) Defendants further note that although they had not supplemented that list of testimony, they provided a supplemental list to Plaintiffs on or before August 11, 2011. (Doc. No. 236 at 2.)

Upon consideration of the evidence in light of the factors the Third Circuit identified in Hill v. Reederei, the Court is satisfied that exclusion of Dr. Dragan's testimony is not warranted in this matter. As a general matter, where testimony is to be introduced via a video deposition, the failure to disclose information prior to that deposition would result in prejudice, which could not be cured without requiring the witness to testify at trial. However, Plaintiffs have not argued

that they have been prejudiced by any of Defendants' nondisclosures.  Further, the Court can discern no prejudice to Plaintiffs.  Defendants disclosed the investigation file in October 2007, and Dr. Dragan's report clearly outlines the information on which he relied in reaching his conclusions such that Plaintiffs should have known to what the "investigation file" in Dr. Dragan's report referred.  Further, although Defendants failed to disclose Dr. Dragan's fees in this matter, Plaintiffs did ask Dr. Dragan about his compensation.  To the extent that Dr. Dragan's answers were unclear or erroneous, Plaintiffs may introduce the fees statement provided by Defendants at trial.  Finally, regarding Defendants' failure to supplement the list of cases in which Dr. Dragan has testified until August 11, 2011, the Court is unable to identify any prejudice stemming from this late disclosure.  Moreover, the Court is unable to discern any bad faith or willful non-compliance from Defendants' actions.  In the absence of bad faith or prejudice, the Court is unwilling to apply the extreme sanction of exclusion of evidence.

**ACCORDINGLY**, on this 18th day of August 2011, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for exclusion of Dr. Dragan's testimony (Doc. No. 228) is **DENIED**.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania