**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICIA YOUNG, WILLIAM YOUNG,** | : | |
| **III, and PATRICIA YOUNG, on behalf of** | : | **No. 3:07-CV-854** |
| **her minor daughter,** | : | |
| **Plaintiffs** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | |
| **PLEASANT VALLEY SCHOOL** | : | |
| **DISTRICT, JOHN J. GRESS, Principal,** | : | |
| **in his individual capacity, and BRUCE H.** | : | |
| **SMITH, JR.,** | : | |
| **Defendants** | : | |

**MEMORANDUM ORDER**

On August 15, 2011, third-party witness Dow Jones Local Media Group filed a motion to

quash or modify a subpoena served by Plaintiffs to testify at trial.  (Doc. No. 246.)  Dow Jones

challenges the subpoena on the grounds that: (1) the subpoena is unduly burdensome and should

be quashed pursuant to Rule 45 of the Rules of Civil Procedure; and (2) the subpoena infringes

upon the First Amendment-based reporter's privilege.  (Doc. No. 246-2.)  On August 16, 2011, at

11:54 a.m.,  the Court ordered Plaintiffs to file a brief in response to the motion to quash no later

than 4:00 p.m. on August 17, 2011.  (Doc. No. 249.)  The Court further ordered that the parties

appear by telephone for a hearing on Dow Jones's motion at 11:30 a.m. on August 18, 2011.

(Id.)  The hearing having been concluded, for the reasons explained more fully herein, the Court

will grant Dow Jones's motion to quash.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Court "may, on motion,

quash or modify the subpoena if it requires [. . .] a person who is neither a party nor a party's

officer to incur substantial expense to travel more than 100 miles to attend trial."  Fed. R. Civ. P.

1

45(c)(3)(B)(iii).  In addition, Rule 45 requires a district court to quash a subpoena if it is unduly

burdensome.  Fed. R. Civ. P. 45(c)(3)(A)(iv).  When considering whether a subpoena represents

an undue burden, "courts weigh the need of the party seeking discovery against any undue

hardships created by permitting it."  Linsday v. C. R. Bard, Inc., No. 1:10-mc-441, 2011 U.S.

Dist. LEXIS 6531 (M.D. Pa. Jan. 24, 2011) (quoting In re Methyl Tertiary, 269 F.R.D. 360,

363-64 (S.D.N.Y. 2010)).

Dow Jones has represented that it is located more than 120 miles from the court.  (Doc.

No. 246-3 ¶ 10.)  To that end, the Court is within its discretionary authority to quash or modify

the subpoena pursuant to Rule 45(c)(3)(B)(iii).[1]  In addition, the Court concludes that, after

weighing the need of Dow Jones's proposed testimony against the hardship of testifying, the

subpoena itself represents an undue burden.  Dow Jones notes that it is a local paper with a small

staff and requiring an employee to travel to Harrisburg to miss a day of work would pose a

hardship to the paper.  (Doc. No. 246-2 at 7.)  Dow Jones further notes that Plaintiffs intend to

call Dow Jones to testify for the sole purpose of authenticating documents that are self-

authenticating and which Defendants have already agreed to stipulate are indeed authentic,

namely newspaper articles and comments on those articles published on the newspaper's website.

(Doc. No. 246-2 at 5.)

To the extent that Plaintiffs intend to call Dow Jones to testify as to the authenticity of

---

[1] During the hearing and in their brief, Plaintiffs repeatedly note that the subpoena is valid
because the subpoena was served within the Middle District of Pennsylvania.  The Court agrees
that under Rule 45(b)(2)(A) of the Federal Rules of Civil Procedure, individuals within the
district of the issuing court are subject to a subpoena.  However, Rule 45(c) is designed, as its
title indicates, to "Protect[] a Person Subject to a Subpoena."  Accordingly, such arguments are
irrelevant to the disposition of the present motion.

these documents, it is clearly unnecessary and likely improper.  The authenticity of documents is something that should be conducted through pre-trial stipulations to avoid unnecessary delay at trial.  See generally Fed. R. Civ. P. 16(c)(2)(C) (noting that at pretrial conferences the Court should obtain "admissions and stipulations about facts and documents to avoid unnecessary proof"); 3 Moore's Federal Practice § 16.77(4)(c) (Matthew Bender 3d ed.).  Indeed, in this matter, Defendants are willing to concede the documents are authentic and Dow Jones has offered to certify their authenticity.  The Court further notes that such stipulations are likely unnecessary in this matter as, pursuant to Rule 902(6) of the Federal Rules of Evidence, newspapers and periodicals are self-authenticating documents.  Fed. R. Evid. 902(6).  Accordingly, to the extent that Plaintiffs intend to call Dow Jones for the sole purpose of authenticating documents, which are self-authenticating and which Defendants concede are authentic, the Court concludes that such testimony serves absolutely no purpose in the present litigation.

However, Plaintiffs counter that Dow Jones will be able to provide additional information.  Specifically, Plaintiffs assert:

> Not only will the witness be able to authenticate the blogs, but also will be able to testify to the fact that this case has generated more blogs than the normal story and that the blogs were derogatory and threatening toward Plaintiffs.  Also, the witness will be able to provide confirmation that Smith did engage in the activities in the Complaint since many prior students attested to his inappropriate behavior in the blogs, which only Pocono Record has first-hand knowledge of what the bloggers wrote.

(Doc. No. 250 at 5.)  The Court will consider these proposed topics for testimony in turn.  First, the Court fails to see the relevance of the contention that the stories about Plaintiffs and their

3

lawsuit "generated more blogs than the normal story."  The content of the blogs in question and the number of blogs written on the subject may be relevant to the question of Plaintiffs' emotional distress; however, the number of posts in response to stories about Plaintiffs relative to other stories can have no bearing on any question for the finder of fact.  Therefore, such testimony would be excluded by Rule 402 of the Federal Rules of Evidence.  Second, whether the content of the blogs were derogatory or threatening is an opinion about which Dow Jones may not testify.  Fed. R. Evid. 701.  Put in other words, whether the postings in question were derogatory or threatening is a conclusion the jurors may draw themselves based on their reading of the posts, if they are permitted to read them.  They do not require Dow Jones to provide its opinions on the subject.  Third, Dow Jones cannot confirm that Defendant Smith engaged in any behavior based on the content of anonymous blog postings because such testimony, introduced to prove the truth of such posts, would constitute hearsay.  Fed. R. Evid. 802.  Accordingly, because the only issue about which Dow Jones could possibly testify is the authenticity of the blog posts, and because the authenticity of the blog posts is not at issue in this matter, the Court will grant the motion to quash on this basis.

**ACCORDINGLY**, on this 18th day of August 2011, **IT IS HEREBY ORDERED THAT** Dow Jones Local Media Group's motion to quash (Doc. No. 246) is **GRANTED**.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

4