IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA YOUNG, WILLIAM YOUNG, III, and PATRICIA YOUNG, on behalf of her minor daughter, | : : : | No. 3:07-CV-854 |
| Plaintiffs | : : | (Chief Judge Kane) |
| v. | : : | |
| PLEASANT VALLEY SCHOOL DISTRICT, JOHN J. GRESS, Principal, in his individual capacity, and BRUCE H. SMITH, JR., | : : : : | |
| Defendants | : | |

## ORDER

Plaintiffs filed a motion to compel Defendants' expert Dr. Edward Dragan to answer questions regarding his annual earnings for testifying as an expert on August 13, 2011.  (Doc. No. 238.)  In the alternative, Plaintiffs move for the exclusion of his testimony.  (Id.)  Defendants responded with a brief in opposition on August 18, 2011.  (Doc. No. 255.)  Defendants further responded by filing a motion for a protective order precluding Plaintiffs from conducting the desired discovery.  (Doc. No. 251.)

Dr. Dragan appeared for a video-taped deposition on August 9, 2011.  (Doc. No. 255 at 2.)[1]  Plaintiffs' counsel asked Dr. Dragan "How much income did you achieve in the last year on expert, providing expert testimony, what's your income?"  (Id. at 2 n.2.)  Dr. Dragan responded "I respectfully will not provide information to that.  That's private information."  (Id.)  When

---

[1] The Court relies on Defendants' recitation of the facts in deciding this motion as Plaintiffs' "brief statement of relevant facts" in their brief in support consists of nothing more than the following two sentences: "Plaintiffs asked questions about Dr. Dragan's annual earnings for testifying as an Expert.  Dr. Dragan refused to answer those questions."  (Doc. No. 239 at 1.)

pressed further by Plaintiffs' counsel he responded, "I am respectfully not answering that question because of the fact that this is personal information . . . . So there is personal information, and that will not be answered unless I'm directed by the Court." (Id.)

Where a deponent refuses to answer a question in a deposition, the examining party may seek a court order compelling additional discovery. Fed. R. Civ. P. 37(a)(3)(C). When considering a motion to compel discovery the Court considers two factors: (1) parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense; and (2) even if relevant, discovery may be limited by the requirements of proportionality and good faith. Fed. R. Civ. P. 26(b)(1),(2). The party seeking the order to compel must demonstrate the relevance of the information sought. Option One Mortg. Corp. v. Fitzgerald, No. 3:07-cv-1877, 2009 U.S. Dist. LEXIS 18827, at *7 (M.D. Pa. Mar. 11, 2009). If that party demonstrates the evidence is relevant, the burden then shifts to the party opposing discovery, who must demonstrate why the request should be denied. Id.

Defendants have disclosed the amount of Dr. Dragan's compensation for testifying in this matter. Defendants have also disclosed the cases in which Dr. Dragan has testified between November 4, 2003, and August 3, 2011. (Doc. No. 236-3; Doc. No. 236-4.) Further, during the deposition Dr. Dragan testified that approximately fifty percent of his expert testimony is provided on behalf of plaintiffs and fifty percent is provided on behalf of defendants. (Deposition Tr. at 33:20-24.) Plaintiffs, in their brief in support, provide one sentence in support of their contention that the information sought is discoverable: "Here, Plaintiffs have a right to obtain all information that will show the expert's bias and interest, thereby discrediting his opinion." (Doc. No. 239.) The Court is not satisfied that Plaintiffs have shown that an answer to

their question would support a finding of bias.  Dr. Dragan's testimony indicates that unlike some expert witnesses, he does not testify primarily on behalf of one type of litigant.  To the contrary, Dr. Dragan testifies equally on behalf of both plaintiffs and defendants.  Accordingly, Dr. Dragan would have no economic incentive to show bias toward a defendant or plaintiff in any particular case as he depends upon both plaintiffs and defendants equally to earn this income.

Even if the Court were to find Plaintiffs' question relevant, the Court's analysis does not stop at Rule 26(b)(1).  The Court must also consider whether the evidence is barred by Rule 26(b)(2).  The Court is persuaded by Defendants's argument that such questions are needlessly intrusive especially in light of the information's marginal relevance.  The Court further notes the many courts that have concluded that "[w]hile there may be cases in which an expert's gross income, and the specific amounts thereof earned by providing services as an expert witness, may be discoverable, this should not be ordered routinely, without a showing, absent here, why less intrusive financial information would not suffice."  Behler v. Hanlon, 199 F.R.D. 553, 561-562 (D. Md. 2001); see also Reed v. Cline, No. 1:08-cv-473, 2010 U.S. Dist. LEXIS 101816, at *3-*5 (S.D. Ind. Sept. 24, 2010) (concluding that in the absence of some showing that the information already obtained was insufficient, information about the expert's earnings would "invade" the expert's privacy "without providing additional helpful information"); Campos v. MTD Prods., Inc., No. 2-07-0029, 2009 U.S. Dist. LEXIS 28226, at *13-*15 (M.D. Tenn. Apr. 1, 2009) (denying a motion to compel discovery of an expert witness's compensation where "plaintiff has not persuaded the Court that the exact amount of income [the expert] makes, either from work as an expert or otherwise, would substantially add meaningful information"); Rogers v. United States Navy, 223 F.R.D. 533, 535-36 (S.D. Cal. 2004) (concluding that "[b]ecause

Plaintiff does not persuasively explain the need to learn Dr. Schwab's private financial information, the scope of inquiry is properly limited").  In the absence of any clear showing of relevance or necessity of the requested information, the Court is convinced that the financial information requested by Plaintiffs is "overkill."   Behler, 199 F.R.D. at 561-562.

**ACCORDINGLY**, on this 18th day of August 2011, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion to compel (Doc. No. 238) is **DENIED**.  Defendants' motion for a protective order (Doc. No. 251) is **DENIED AS MOOT**.

      s/ Yvette Kane
      Yvette Kane, Chief Judge
      United States District Court
      Middle District of Pennsylvania