# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICIA YOUNG, et al.,** : | |
|      **Plaintiffs** : | |
| : | **Civil Action No. 3:07-CV-00854** |
| **v.** : | |
| : | **(Chief Judge Kane)** |
| **PLEASANT VALLEY SCHOOL** : | |
| **DISTRICT, et al.,** : | |
|      **Defendants** : | |

## MEMORANDUM ORDER

Currently pending before the Court is Plaintiffs' motion for attorney's fees and costs. (Doc. No. 328.) The Court denied an identical motion on December 2, 2011. (Doc. No. 295.) Because the motion and brief in support are duplicative of a motion and brief that this Court has previously denied, the Court will strike the motion and brief in support.

The Court presided over a jury trial in this matter from August 22, 2011, until August 26, 2011. On August 26, 2011, the jury returned a verdict against Plaintiffs Patricia Young and William Young on all claims and in favor of Plaintiff Meagan Young as to claims raised against Defendant Pleasant Valley School District and Defendant Bruce Smith. (Doc. No. 280.) The Court entered judgment on that date. (Doc. No. 284.) On September 22, 2011, Defendants filed a motion to alter judgment and a motion for judgment notwithstanding the verdict. (Doc. Nos. 288, 289.) The parties then entered into an extended period of briefing on the motions, which to this date has not concluded.[1]

In anticipation of further protracted litigation over Defendants' post-trial motions,

---

[1] Provided that no further motions for extension of time are filed, it is anticipated that the motions will become ripe in early May 2012.

Plaintiffs filed a motion on October 7, 2011, in which they "request[ed] this Court's permission to file their motion for attorney['s] fees and bill of costs [fourteen] days after all post-trial motions are decided." (Doc. No. 291.) In support, Plaintiffs noted that they would "be required to spend time fighting off" the post-trial motions and that the calculation of attorney's fees would be far easier if done in one motion rather than in a motion followed by a number of supplements. (Id. ¶ 1.) The Court, recognizing the obvious sensibility of Plaintiffs' motion, granted the motion on October 25, 2011. (Doc. No. 294.)

While the motion for an extension of time to file the motion for attorney's fees was pending, Plaintiffs filed a motion for attorney's fees.[2] (Doc. No. 292.) The Court considered the motion and brief in support. However, the Court was persuaded by Plaintiffs' argument that addressing the attorney's fees and costs piecemeal would be inefficient and counter productive. Accordingly, after the Court granted the motion for an extension of time to file the motion for attorney's fees until fourteen days after the Court had decided Defendants' post-trial motions, the Court denied the October 12, 2011 motion for attorney's fees without prejudice. (Doc. No. 295.)

More than four months later, on the same day that Plaintiffs filed their brief in opposition to Defendants' post-trial motions, Plaintiffs filed a second motion for attorney's fees and a brief in support. (Doc. Nos. 328, 329.) The motion and brief in support are nearly identical to the motions the Court had already denied without prejudice in light of Plaintiffs' motion for an

---

[2] The motion for an extension of time was filed on Friday, October 7, 2011. (Doc. No. 291.) The Court had previously granted Plaintiffs until Wednesday October 12, 2011. (Doc. No. 285.) Because the Court was unavailable to rule on the motion for an extension of time prior to the date on which the motion was due, Plaintiffs prudently filed a motion on the original due date.

extension of time.[3]  Plaintiffs' motion and brief in support is devoid of any argument justifying this Court voiding the scheduling order, which Plaintiffs themselves had requested.

**ACCORDINGLY**, on this 30th day of April 2012, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for attorney's fees and brief in support (Doc. No. 328, 329) are **STRICKEN**. Plaintiffs are directed that they may not file a motion for attorney's fees that does not comply with this Court's October 25, 2011 scheduling order (Doc. No. 294) without having previously been granted leave to do so by the Court.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[3] The sole distinction is a footnote in the motion in which Plaintiffs acknowledge that the motion is identical to the motion previously denied based on Plaintiffs' motion for an extension of time.