IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA YOUNG, et al., | : | Civil Action No. 3:07-cv-00854 |
| Plaintiffs | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| PLEASANT VALLEY SCHOOL DISTRICT, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

May 2, 2013

## I.  Relevant Background

On January 1, 2010, the Honorable James M. Munley (who was then presiding over this matter) denied in part defendants's motion for summary judgment, setting the stage for a trial on four of the Young plaintiffs's claims. (Ct. Mem. & Order in re Sum. Judg., ECF No. 117). On August 26, 2011, after a five-day trial, the jury returned a verdict for the Young plaintiffs on two of those claims, one alleging that teacher Bruce Smith violated 42 U.S.C. § 1983 by creating a sexually hostile educational environment in violation of plaintiff M. Young's equal protection rights, and another alleging that defendant Pleasant Valley School District (hereinafter "Pleasant Valley") violated the First Amendment rights of the Youngs when it retaliated against them for reporting

Smith's wrongdoing. On May 18, 2012, the Honorable Yvette Kane (who presided over this matter at trial) issued a Memorandum & Order in which she vacated judgment and ordered a new trial, (ECF No. 333) (hereinafter "Ct. Mem. & Order in re New Trial"), finding with respect to the verdict against defendant Smith that it was against the weight of the evidence. (Id. at 33).

Although Chief Judge Kane deemed defendants's Rule 50(b) motion for judgment as a matter of law waived as a result of defendants's previous failure to move under Rule 50(a), (see id. at 22; Fed. R. Civ. P. 50), her Memorandum makes clear that, absent waiver, judgment as a matter of law in defendant Smith's favor would have been appropriate. (See Ct. Mem. & Order in re New Trial at 31 (emphasis added) ("[T]he totality of the allegations, <u>even viewed out of context and in a light most favorable to Plaintiff</u>, do not reasonably support a finding that the environment was 'permeated with discriminatory intimidation, ridicule, and insult,' such that it changed the terms and conditions of Plaintiff's education" (thus precluding a verdict for plaintiff under the governing legal standard)); id. at 32-33 ("[T]he Court finds that as a matter of law, Plaintiff failed to prove her hostile educational environment claim. Because Defendants did not move for judgment as

a matter of law pursuant to Rule 50(a), however, the Court may only consider whether the verdict was against the weight of the evidence.").[1]

On January 17, 2013, this case was transferred from Chief Judge Kane to the undersigned, and a new trial was scheduled for June 10, 2013. (Sched. Order, Feb. 13, 2013, ECF No. 357). On April 19, 2013, defendant Smith, fashioning his motion as one pursuant to Rule 50, moved for judgment as a matter of law in his

---

[1] The Court recognizes that the analysis of a motion for judgment as a matter of law under Rule 50 differs from the analysis of a motion for new trial under Rule 59 on "against the weight of the evidence" grounds. In determining whether to grant a Rule 50 motion, the court "must view the evidence in the light most favorable to the non-moving party, and determine whether the record contains the 'minimum quantum of evidence from which a jury might reasonably afford relief.'" Glenn Distrib. Corp. v. Carlisle Plastics, Inc., 297 F.3d 294, 299 (3d Cir. 2002) (quoting Mosley v. Wilson, 102 F.3d 85, 89 (3d Cir. 1996)). In contrast, when reviewing a motion for new trial, "the trial judge may consider the credibility of witnesses and the weight of the evidence," 9B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2531 (3d ed.), and allow those considerations to inform his determination of whether, in the interest of justice, a new trial is necessary. Chief Judge Kane clearly recognized this distinction, (See Ct. Mem. & Order in re New Trial at 3–5), and, consistent with Rule 59 analysis, considered the impact of defendants's evidence in the process of reaching her holding that defendants were entitled to a new trial on M. Young's Section 1983 claim against defendant Smith. It is clear from her Memorandum, however, that even ignoring the evidence in defendants's favor and viewing the case in the best light for plaintiffs (as a judge would do when analyzing a Rule 50 motion), Chief Judge Kane viewed the plaintiffs's case against Smith as legally deficient. If dicta, Chief Judge Kane's conclusion is nevertheless dicta that the Court finds difficult to ignore as the Court considers the parties's submissions.

3

favor. Smith argued, in essence, that Chief Judge Kane found M. Young's evidence against Smith legally deficient at the previous trial; plaintiffs will present no new material evidence at the new trial; and that, accordingly, judgment as a matter of law in Smith's favor is appropriate. (Smith Br., ECF No. 399 at 5-15). On April 9, 2013, defendants Pleasant Valley and John Gress (Pleasant Valley's principal), in a motion in limine, moved for the exclusion of evidence relevant to M. Young's claim against Smith. Pleasant Valley and Gress argued, in essence, that Chief Judge Kane found M. Young's evidence against Smith legally deficient at the previous trial, and that in light of the deficiency (which renders the evidence, if not "irrelevant" under Fed. R. Evid. 401, then at least immaterial), the evidence is far more unfairly prejudicial than probative with respect to the claims against Pleasant Valley and Gress, and should be excluded, pursuant to Fed. R. Evid. 403. (School Br., ECF No. 364-1). Plaintiffs filed papers opposing the motions. (See ECF Nos. 400, 401,[2] 404, 422, 435).

---

[2]Among other things, Plaintiffs moved to strike Smith's Rule 50 motion on the ground that it was premature and unmeritorious. Since plaintiffs have failed to cite any authority that would permit the Court to strike a motion (as opposed to a pleading, see Fed. R. Civ. P. 12(f)), and have likewise failed to explain why the circumstances warrant striking the motion, as opposed to simply denying it, their motion to strike (ECF No. 401) is denied.

## II. Discussion

The Court agrees with plaintiffs that, as to Smith's motion, Rule 50 is an improper vehicle for moving for judgment as a matter of law in Smith's favor at this stage. As Chief Judge Kane explained, a defendants's failure to raise a sufficiently specific pre-verdict motion for judgment as a matter of law, pursuant to Rule 50(a), results in waiver of a post-verdict Rule 50(b) motion. (Ct. Mem. & Order in re New Trial at 7-8). The waiver rule is sensible because the pre-verdict "[a]rticulation of the grounds for judgment as a matter of law affords the nonmoving party the opportunity to cure the defects which may preclude the jury from considering his case." Canny v. Dr. Pepper/Seven-Up Bottling Grp., Inc., 439 F.3d 894, 901 (8th Cir. 2006). Failure to timely articulate such defects deprives the nonmoving party of this opportunity. Chief Judge Kane held that defendants "never challenged the sufficiency of the evidence as to the hostile educational environment claim against Defendant Smith in a Rule 50(a) motion" at the first trial, and thus waived judgment as a matter of law under Rule 50(b). Ct. Mem. & Order in re New Trial at 22).

Likewise, the Court agrees that the motion in limine of defendants Pleasant Valley and Gress should be denied if M. Young's claim against Smith is to be

tried, as the evidence they seek to exclude goes to the very core of the question of whether Smith created a sexually hostile educational environment.

That said, Pleasant Valley and Gress express a serious concern that they will be unfairly prejudiced by evidence that Chief Judge Kane determined was legally insufficient support for M. Young's claim against Smith. Moreover, Smith's decision to move improperly pursuant to Rule 50 instead of moving for leave to file a renewed motion for partial summary judgment (as the Court thinks would have been proper) is at least understandable. See Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150 (2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986)) ("[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law [under Rule 50], such that 'the inquiry under each is the same.'"). See also Ingram v. S.C.I. Camp Hill, 448 F. App'x 275, 278 (3d Cir. 2011) (trial judge did not abuse his discretion in allowing successive motions for summary judgment); Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010) ("In holding that district courts have discretion to permit successive motions for summary judgment, we join at least five of our sister circuits.").

Having considered the parties's papers, as well as their arguments during an April 30, 2013 conference, the Court concludes that the proper course is to deny both Smith's Rule 50 motion and the "First Motion in Limine" of defendants Pleasant Valley and Gress, but to give the defendants leave to file for partial summary judgment on M. Young's claim against Smith. This approach permits M. Young to bring to the Court's attention any admissible evidence against Smith that was withheld during the previous trial (as would have been her prerogative had defendants made a proper pre-verdict motion at trial), or that has been newly discovered, while at the same time appropriately channeling defendants's arguments and giving due recognition to the principle that "courts' resources are limited and they should not be required to use those resources to conduct an unnecessary trial." Acumed LLC v. Advanced Surgical Serv., Inc., 561 F.3d 199, 224 (3d Cir. 2009). See also Hoffman, 593 F.3d at 912 ("[a]llowing a successive summary judgment motion potentially can save all concerned the far greater expenses of a trial.").

In allowing a renewed motion for summary judgment, the Court is cognizant of the so-called "law of the case" doctrine. The implications of the doctrine have been stated with varying degrees of firmness. Compare Feesers, Inc. v. Michael

7

Foods, Inc., 591 F.3d 191, 207 (3d Cir. 2010) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice."), with Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997) ("Although it is often said that the law of the case doctrine does not limit the power of trial judges to reconsider their prior decisions, this court has identified two prudential considerations that limit a court's authority to do so. First, the court must explain on the record the reasoning behind its decision to reconsider the prior ruling. Second, the court must take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling."). It seems clear, however, that the circumstances of this case allow the Court, in the interests of justice and economy, to give the defendants leave to file a second summary judgment motion.

First, it is not clear that Judge Munley's denial of a defendants's previous motion for summary judgment (as opposed to an affirmative grant of such motion) creates "law of the case." See Ingram, 448 F. App'x at 278 n.3 (noting that a denial of summary judgment simply leaves "an issue to be resolved at or prior to trial").

Second, the Third Circuit has reasoned that avoiding "a potentially unnecessary trial[] [is] surely an adequate justification for reconsideration." Ingram, 448 F. App'x at 278. See also Hoffman, 593 F.3d at 911 (quoting Fed. R. Civ. P. 1) ("[A]llowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits.").

Third, the record in this case has been developed at trial since Judge Munley's decision at the beginning of 2010, and a more developed record is an oft-recognized reason for reconsideration. See, e.g., Feesers, 591 F.3d at 208. See also Hoffman, 593 F.3d at 911 ("We adopt the sound view, expressed by several [sister] circuits, that a successive motion for summary judgment is particularly appropriate on an expanded factual record."). Moreover, in addition to fleshing out the record, trial sensitizes the parties to issues concerning the admissibility of evidence that, while the proper subject of a summary judgment motion, see Fed. R. Civ. P. 56(c)(2), are often difficult to foresee at the pretrial stage.

Finally, plaintiffs are not prejudiced because, in the process of opposing defendants's motion, plaintiffs will be permitted to proffer proof in addition to that which Chief Judge Kane found inadequate at trial. Cf. Williams, 130 F.3d at 573

(plaintiff prejudiced when court deprived her of opportunity to cure deficiency when deficiency resulted from reliance on courts' prior ruling).

## III. Conclusion

For the foregoing reasons, the Court will deny the motions specified above, but give the defendants leave to file for partial summary judgment on M. Young's Section 1983 claim against defendant Bruce Smith.

An order follows.

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| PATRICIA YOUNG, et al., | : | Civil Action No. 3:07-cv-00854 |
|---|---|---|
|     Plaintiffs | : | |
| | : | (Judge Brann) |
|     v. | : | |
| | : | |
| PLEASANT VALLEY SCHOOL | : | |
| DISTRICT, et al., | : | |
|     Defendants | : | |

ORDER

AND NOW, this 2nd day of May, 2013, it is hereby ORDERED:

1. The "First Motion in Limine of Defendants, Pleasant Valley School District and John Gress" (Apr. 9, 2013, ECF No. 364) is DENIED.

2. "Defendant Bruce H. Smith Jr.'s Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50" (Apr. 19, 2013, ECF No. 398) is DENIED.

3. Plaintiffs's "Motion to Strike Defendants [sic] Premature Rule 50 [sic] Since the Second Trial Has Not Occurred" (Apr. 19, 2013, ECF No. 401) is DENIED.

4. Defendants are given leave to file a partial motion for summary judgment (and all papers required by L.R. 7.5 & 56.1, ) with respect to M. Young's Section 1983 claim against defendant Bruce Smith on or before May 6,

2013; plaintiffs may oppose (filing all papers required by L.R. 7.6 & 56.1) on or before May 31, 2013; defendants may reply on or before June 17, 2013.

5. The trial scheduled to begin June 10, 2013 is continued until July 22, 2013.

6. A separate Order concerning other matters agreed to at the parties's April 30, 2013 conference will issue.

s/Matthew W. Brann  
Matthew W. Brann  
United States District Judge