IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA YOUNG, et al., | : | Civil Action No. 3:07-cv-00854 |
| Plaintiffs | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| BRUCE SMITH, | : | |
| Defendant | : | |

**MEMORANDUM**
March 21, 2016

Pending before this Court is a motion to reopen discovery and compel deposition of Plaintiff Megan Young[1] and a motion to amend/correct caption,[2] both filed by Defendant Bruce Smith (hereinafter "Mr. Smith") against Plaintiffs Patricia and William Young who filed a claim pursuant to the Equal Protection Clause under 42 U.S.C. § 1983 on behalf of their daughter, Megan Young (hereinafter "the Youngs"). In accordance with the following reasoning, Mr. Smith's motions are granted.

**I. PROCEDURAL HISTORY**

As this Memorandum is directed at the parties and as the background facts giving rise to the instant litigation are fully set forth in the Court's previous Orders, this Court will not delve into the factual background for purposes of this

---
[1] ECF No. 547.
[2] ECF No. 549.

Memorandum. Needless to say, this action stems from the alleged discrimination on the basis of sex of a high school student, Megan Young, by her former teacher, Mr. Smith.

On May 9, 2007, Patricia and William Young filed a complaint on behalf of their then-minor daughter, Megan Young, against Mr. Smith alleging an equal protection claim under 42 U.S.C. § 1983. First amendment retaliation claims were made against the Pleasant Valley School District and individual administrators, John Gress and Anthony Pullo. Claims against Mr. Pullo were dismissed prior to the first trial.

A trial was held in August 2011 before the Honorable Yvette Kane, resulting in a jury verdict for the Youngs and against Mr. Smith for $25,000 in compensatory damages and $100,000 in punitive damages. A motion for new trial under Federal Rule of Civil Procedure 59 was granted, however, and the awarded damages were remitted. Prior to the second trial, the Court granted Mr. Smith's leave to move for summary judgment and subsequently granted his motion.

Accordingly, the second trial in July 2014 proceeded against the Pleasant Valley School District and Mr. Gress only. A defense verdict was entered for both defendants and the verdict was later upheld on appeal by the United States Court of Appeals for the Third Circuit. The Youngs also appealed the summary judgment decision; that decision was reversed by the Third Circuit and the case was

remanded as against Bruce Smith only. A third trial has been scheduled for July 11, 2016.

## II. DISCUSSION

### A. Motion to compel Megan Young's deposition and reopen discovery

Mr. Smith requests that the Court compel Megan Young to submit to a second limited deposition. He argues that her last deposition was taken on August 11, 2008, more than seven years ago. He contends that there is reason to believe that Ms. Young has attended and graduated from college and that her circumstances have changed significantly since the last deposition. Mr. Smith asserts that the deposition is necessary to determine the extent and scope of Megan Young's damages in the intervening years since Mr. Smith's involvement in the case, information which may be material to Mr. Smith's defense for trial. He agrees to limit the deposition to two hours at a location amenable to Ms. Young.

The Youngs oppose Mr. Smith's motion because they argue that the trial is only four months away and because Ms. Young has already testified on three separate occasions. They argue that the events at issue deal only with 2007 and not the events of the present time and that nothing in Ms. Young's life is relevant to the claims stemming from the 2007 incidents. They also argue that Ms. Young would be prejudiced by reopening discovery because she now resides in

Washington State and would have to incur the extra expense to appear for an unnecessary deposition.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent."[3] "This authority extends to requests to reopen discovery."[4] This standard is significantly more stringent than the standard in Rule 15(a)(2), providing that courts should "freely give leave [to amend] when justice so requires."[5] A movant's "due diligence" is essential in establishing good cause.[6] "[D]istrict courts have broad discretion to manage discovery."[7]

The Court is persuaded that Mr. Smith has satisfied the good cause standard. Ms. Young's last deposition occurred over seven years ago and there is reason to believe that Ms. Young's personal circumstances have changed significantly since then. The information to be gathered speaks directly to the element of damages and could be material to Mr. Smith's defense. Mr. Smith agrees to limit the deposition to two hours and to a location convenient to Ms. Young. Furthermore, Mr. Smith

---

[3] FED. R. CIV. P. 16(b)(4).
[4] *In Re Chocolate Confectionary Antitrust Litigation*, 2013 WL 3873225, *2 (M.D. Pa. July 25, 2013) (Connor, J.) (*citing Aamco Transmissions, Inc. v. Marino,* 1991 WL 40336 (E.D. Pa. Mar. 19, 1991)).
[5] *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (*citing* FED. R. CIV. P. 15(a)(2))).
[6] *Race Tires*, 614 F.3d at 84; *see also Brown v. American Sintered Technologies*, 2015 WL 917293 (M.D. Pa. March 3, 2015) (Brann, J.) (the "good cause standard hinges on diligence of the movant." *Venetec Inter., Inc. v. Nexus Med., LLC,* 541 F. Supp. 2d 612, 618 (D. Del. 2008)).
[7] *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995).

maintains that the limited deposition of Ms. Young will not affect the date of the pending trial. This motion is granted.

### B. <u>Motion to amend/correct caption</u>

Mr. Smith also requests that this Court amend the caption to replace Patricia Young and William Young, III, and Patricia Young on behalf of her minor daughter with Megan Young. When this case was initially filed, Megan Young was a minor which required her parents to file the instant action on her behalf. Megan Young is now approximately twenty-five years old.

The Youngs oppose this motion because they argue that the jury should know that this action was first brought by Megan Young's parents because she was a minor at the time and that this case has been ongoing for nine years. They argue that the caption of a case does not normally change regardless of whether a party has been dismissed.

Federal Rule of Civil Procedure 10(a) provides that the title of a complaint "must name all the parties."[8] "[I]n exceptional cases," however, a party may proceed anonymously.[9] Federal courts have "permitted parties to proceed anonymously only when certain circumstances justify secrecy."[10] Use of fictitious names or pseudonyms, however, "run[] afoul of the public's common law right of

---

[8] FED. R. CIV. P. 10(a).
[9] *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).
[10] *Id.*

access to judicial proceedings . . ."[11] "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts."[12]

To proceed anonymously, a party must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."[13] A showing of embarrassment or economic harm is not enough.[14] The following factors may be relevant to a court in determining whether a party may proceed anonymously:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.[15]

Cases in which courts have allowed a party to proceed under a pseudonym include cases of a sensitive nature including cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and

---

[11] *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000).
[12] *Megless*, 654 F.3d at 408 (*citing Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869 (7th Cir. 1997)).
[13] *Id.*
[14] *Id.* (*citing Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1043 (9th Cir. 2010)).
[15] *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) (factors adopted by the Third Circuit in *Megless*, 654 F.3d at 409).

homosexuality."[16] "Courts may be more inclined to permit pseudonymous suits by plaintiffs when . . . the plaintiff is a minor."[17]

When the action at hand was initially filed, Megan Young was a minor. Ms. Young is now a young adult, apparently soon to be married. No argument has been advanced that Ms. Young requires anonymity for her protection. She has made no argument that she has reasonable fear of severe harm and only states that the caption should not be changed so that the jury can be aware that Ms. Young was a minor at the time the suit was filed. The fact that this case was filed when Ms. Young was a minor, however, can be established through testimony; it is not a valid reason for Ms. Young to proceed under a pseudonym.[18]

## IV. CONCLUSION

Consequently, and in accordance with the foregoing reasoning, Mr. Smith's motion to reopen discovery and compel deposition of Plaintiff Megan Young and motion to amend/correct caption are both granted.

An appropriate Order follows.

---

[16] *Megless*, 654 F.3d at 408 (*citing Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa.1990)).
[17] *Qualls v. Rumsfeld*, 228 F.R.D. 8 (D.D.C. 2005).
[18] *See Robertson v. Sadjak*, 2010 WL 1418393 (D. Idaho April 7, 2010). In *Robertson*, the defendants filed a motion to dismiss, contending, among other things, that the plaintiff parent, who had filed the claim on behalf of her son, no longer had the capacity to bring suit for her son because he was no longer a minor. *Id.* at *1. Unlike the case at hand, however, the plaintiff in *Robertson*, the plaintiff filed a motion to amend the complaint pursuant to Rule 15(a) to substitute the son's name for the plaintiff parent's name and mooted the issue. *Id.* at *3.

BY THE COURT:

<u>/s Matthew W. Brann</u>
Matthew W. Brann
United States District Judge