The Employment Law Firm
Cynthia L. Pollick, LLM                                                        Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEAGAN YOUNG, | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| BRUCE H. SMITH, JR., | : | |
| | : | |
| Defendant | : | NO.   07-854 |

## **<u>OBJECTION</u>**

1. As the Third Circuit teaches "[i]t is incumbent upon counsel to make his record for appeal even if he believes that objecting to the actions of judge or counsel will give offense either to the court or to the jury. In order for us to review challenges of the district court's rulings, the district court must be advised by counsel on the record of his objection and of the relief requested." *Horsey v. Mack Trucks, Inc.*, 882 F.2d 844 (3d Cir. 1989).

2. Plaintiff accepted a Rule 68 Offer of $25,000 plus reasonable attorney's fees. (See Judgment, Doc. 634).

3. Plaintiff's filed her attorney fee petition on 7/12/2016. Defendant filed his opposing papers. Plaintiff filed her Reply Brief.

1

4. The motion has been ripe for disposition for over 9 months.

5. On June 20, 2017, Judge Brann ordered an evidentiary hearing and oral argument to occur on July 13, 2017. (See Doc. 652).

6. Neither side asked for oral argument or requested an evidentiary hearing.

7. As the Third Circuit teaches "[i]t was not and is not our intention that the inquiry into the adequacy of the fee assume massive proportions, perhaps even dwarfing the case in chief. Once the district court determines the reasonable hourly rates to be applied, for example, it need not conduct a minute evaluation of each phase or category of counsel's work." *Lindy Bros. Builders of Philadelphia v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 116 (3d Cir. 1976).

8. "Many fee applications are decided on the basis of affidavits without the need for a hearing." *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 377–78 (3d Cir. 1987).

9. "A hearing must be held **only** where the court cannot fairly decide disputed questions of fact without it." *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 377–78 (3d Cir. 1987)(emphasis added). "If hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates" *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997).

10. "Neither did it identify for the court any factual dispute or pinpoint any specific area where a hearing would have been helpful. Rather, defendant's counsel simply challenged the fee request on the grounds of reasonableness of the number of hours billed, particularly objecting to hours billed in connection with unsuccessful motions and depositions that were never used at trial. However, the Supreme Court has rejected the notion that the fee award should be reduced "simply because the plaintiff failed to prevail on every contention raised in the law suit." *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1982). <u>The mere failure of certain motions or the failure to use depositions is insufficient to warrant a fee reduction under *Hensley.*</u> Because Witco's chief objection was erroneous as a matter of law, further factual development through an evidentiary hearing was unnecessary." *Blum v. Witco Chem. Corp.,* 829 F.2d 367, 378 (3d Cir. 1987)(emphasis added).

11. "The court may not reduce an award *sua sponte;* rather, it can only do so in response to specific objections made by the opposing party." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,* 426 F.3d 694, 711 (3d Cir. 2005), *as amended* (Nov. 10, 2005).

12. Plaintiff objects to the hearing since it was not requested and it is prejudicial to Plaintiff who has a Judgment allowing for the reasonable

3

attorney fees after accepting Defendant's Rule 68 offer and the matter has been fully briefed. (Doc. 634).

13. To raise any new arguments at the time of the hearing is prejudicial. "Arguments raised for the first time in a reply brief are generally waived. Fairness requires that nonmovants have the opportunity to respond to any arguments presented by the movant." *Dommel Properties, LLC v. Jonestown Bank & Trust Co.*, No. 1:11-CV-02316, 2013 WL 4855427, at *3 (M.D. Pa. Sept. 11, 2013).

                          Respectfully Submitted:

                          s/ Cynthia L. Pollick
                          Cynthia L. Pollick, Esquire, LLM
                          Pa. I.D. No.: 83826
                          363 Laurel Street
                          Pittston, PA 18640
                          (570) 654-9675
                          pollick@lawyer.com

## **CERTIFICATE OF SERVICE**

Cynthia L Pollick, Esquire, hereby certifies that on June 20, 2017, she served a copy of Plaintiff's Objection by serving a copy via electronically on Defendant's counsel:

    Mr. John Freund, Esquire
    King Spry
    One Bethlehem Plaza – Suite 700
    Bethlehem, PA 18018

                                            <u>s/ Cynthia L. Pollick</u>
                                            Cynthia L Pollick, Esquire