# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEAGAN YOUNG, | : | No. 3:07-CV-00854 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| BRUCE H. SMITH, JR., | : | |
| Defendant. | : | |

## ORDER

### JULY 10, 2017

**FINDINGS:**

1. On June 20, 2017, this Court scheduled a July 13, 2017 evidentiary hearing and oral argument on counsel for Plaintiff's Motion for Fees. ECF No. 652.

2. On June 28, 2017, Clifford A. Rieders, Esquire, filed the instant motion to quash in connection with a June 26, 2017 subpoena to appear at July 13 hearing, which was delivered to his office by Plaintiff's counsel. ECF No. 655.

3. This Court has previously reset the range of reasonable fees for the Williamsport division of the Middle District of Pennsylvania in *Beattie v. Line Mountain Sch. Dist.*, No. 4:13-

CV-02655, 2014 WL 3400975 (M.D. Pa. July 10, 2014) and later applied those rates in *Keister v. PPL Corp.*, — F. Supp. 3d —, No. 4:13-CV-00118, 2016 WL 688031 (M.D. Pa. Feb. 19, 2016), *aff'd*, 677 F. App'x 63 (3d Cir. 2017).

4. Accordingly, the sole issues for the July 13 hearing are: (1) the reasonable rate that counsel for Plaintiff's performance in this litigation has merited; (2) the number of hours counsel for Plaintiff reasonably expended on this litigation; and (3) whether counsel for Plaintiff's fee submissions comport with Federal Rule of Civil Procedure 11.

5. In his motion to quash, Mr. Rieders avers that he has no prior knowledge of the instant litigation's subject matter, of the upcoming hearing's scope, or of counsel for Plaintiff's work product in particular.

6. Mr. Rieders did not provide an affidavit in support of counsel for Plaintiff's motion for fees.

7. Mr. Rieders states that he recollects no prior communication with counsel for Plaintiff.

8. Mr. Rieders also states that he has an existing scheduling conflict with the July 13 hearing.

9. "The subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil Procedure 26(b)(1)." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014).

10. Because counsel for Plaintiff has not shown that Mr. Rieders possesses any personal knowledge of the three issues enumerated above or that his testimony would be relevant to the hearing, the subpoena could summarily be quashed on that ground alone.

11. Federal Rule of Civil Procedure 45(3)(A)(iv) also provides that a court may quash a subpoena if it "subjects a person to undue burden."

12. Because Mr. Rieders has no knowledge of the instant matter, has insufficient time to prepare for the hearing, and has an existing scheduling conflict on the date of the hearing, the subpoena could be quashed on this additional ground.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Mr. Rieders's Motion to Quash, ECF No. 655, and Supplemental Motion to Quash, ECF No. 658, are **GRANTED**.

2. Counsel for Plaintiff's Subpoena as to Mr. Rieders, ECF No. 655, Ex. 2, is **QUASHED**.

3. **No later than July 24, 2017**, Mr. Rieders may submit an accounting of reasonable costs and fees incurred in preparing the instant Motion and Supplemental Motion to Quash.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge