# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEAGAN YOUNG, | : | No. 3:07-CV-00854 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| BRUCE H. SMITH, JR., | : | |
| Defendant. | : | |

## ORDER

### JULY 13, 2017

**FINDINGS:**

1. On June 20, 2017, this Court scheduled a July 13, 2017 evidentiary hearing and oral argument on counsel for Plaintiff's Motion for Fees, and this Court's related *sua sponte* determination that sanctions might result following the Court's further review of this matter and after considering counsel for Plaintiff's argument. ECF No. 652.

2. The Order provided Plaintiff's counsel with "particularized notice," because it stated "the particular factors that [s]he must address if [s]he is to avoid sanctions." *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990).

3. In particular, that Order stated as follows at Paragraph 4:

> In addition, at the time of the hearing, both parties should be prepared to address whether counsel for Plaintiff's fee request in excess of $727,000.00, which seeks fees and costs for portions of the litigation that were necessitated by her own vexatious conduct, as against defendants that she ultimately did not prevail, for certain expenses previously held unrecoverable by judges of this Court, and relative to a total settlement of $25,000.00, violates Federal Rule of Civil Procedure 11.

4. In addition to citing Rule 11, that Order made clear sanctions may be imposed for Plaintiff counsel's "vexatious conduct," which conduct is the cornerstone of any sanctions determination under 28 U.S.C. § 1927.

5. Earlier today, the Court held its oral argument and evidentiary hearing, at which time counsel for Plaintiff reiterated on numerous occasions that she was prepared to contest (and did so contest) the extent to which her conduct was "vexatious."

6. Contrary to her misrepresentations during this morning's oral argument, my June 20, 2017 Order was not the first occasion upon which the issue of sanctions for Plaintiff counsel's meritless and vexatious fee petition was raised.

7. Indeed, despite not filing a separate Rule 11 motion, defense counsel highlighted the propriety of sanctions in its responsive papers to Plaintiff counsel's fee petition, devoting a full section of its argument to the following contention: "Plaintiff's demand for fees for the second trial, where Defendant Smith was not a party, should be the basis for sanctions, a denial of fees, or an overall reduction in fees." ECF No. 642 at 21–22.

8. That section specifically states that "Under Fed. R. Civ. P. 11(b), by presenting a paper to this Honorable Court, Plaintiff's counsel certifies that, to the best of her knowledge, the legal contentions are warranted under existing law." *Id.* at 21.

9. In fact, counsel for the Defendant in its opposition brief to Plaintiff counsel's fee petition quoted directly from my 2016 decision imposing Rule 11 sanctions, in which I stated that such sanctions may be appropriate to deter "vexatious conduct" on the part of an attorney who "is simply not getting the message." ECF No. 642 at 20 (citing *Keister v. PPL Corp.*, — F. Supp. 3d. —, No. 4:13-CV-00118, 2016 WL 688031, at *2 (M.D. Pa. Feb. 19, 2016), *aff'd*, 677 F. App'x 63 (3d Cir. 2017)).

10. Moreover, in a July 10, 2017 Order granting a motion to quash one of Plaintiff counsel's subpoenas, I again reiterated that the issues to be considered at the July 13 hearing included the propriety of sanctions as to counsel for Plaintiff's fee petition. ECF No. 660 ¶ 4.

11. At today's hearing, I ensured, for what is now at least the third time, that Plaintiff's counsel was aware that the sanctionable conduct at issue was her submitting a fee petition that sought costs and fees for portions of the litigation that were necessitated by her own vexatious conduct, as against defendants from whom she ultimately did not prevail, for certain expenses previously held unrecoverable by judges of this Court, and relative to a total settlement of $25,000.00.

12. At the hearing, I confirmed that Rule 11 applies if an attorney submits papers "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" or if an attorney's "claims, defenses, and other legal contentions" are not "warranted by existing law or by a

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

13. At the hearing, I confirmed that Section 1927 "requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008).

14. At the hearing, I confirmed that Plaintiff's counsel understands that penalties imposed pursuant to Rule 11 or § 1927 could take the form of monetary sanctions.

15. The United States Court of Appeals for the Third Circuit has previously upheld a district court's imposition of monetary sanctions under § 1927 where a scheduling order noted that sanctions were sought "for unreasonably and vexatiously multiplying the proceedings in this matter, and seeking payment . . . of the excess costs, expenses and attorneys' fees reasonably incurred." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 191 (3d Cir. 2002).

16. In fact, the Third Circuit in *Prudential* reasoned that "all parties were given ample notice of what behavior was in dispute," because "the questions posed at oral argument afforded to the parties an inkling of the Court's concerns about what behavior might be objectionable," and "each party was able to listen at oral argument to the concerns voiced by the other." *Id.* "Surely," the court concluded, "each side was on particularized notice of what behavior and actions were at issue." *Id.*

17. I also point to *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990) (contrasting a scenario where the offending party was not put on notice "until he received the court's order . . . actually imposing sanctions" with that in which the offending party "prior to sanctioning" is provided "notice and some occasion to respond").

18. Having recounted all of the foregoing procedures, I will nevertheless recite again for the record that the sanctions issue presently under consideration is whether counsel for Plaintiff should be sanctioned for submission of a fee request in excess

of $727,000.00, which seeks fees and costs for portions of the litigation that were necessitated by her own vexatious conduct, as against defendants from whom she ultimately did not prevail, for certain expenses previously held unrecoverable by judges of this Court, and relative to a total settlement of $25,000.00.

19. The Court may sanction Plaintiff's counsel under either (or both) of Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927.

20. The penalties imposed may include monetary sanctions.

21. Moreover, counsel for Plaintiff is afforded an additional opportunity to respond and be heard on the sanctions issue presently under consideration, consistent with the below directives.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Each party may, at its own election, submit a brief not exceeding twenty (20) pages in length that addresses the sanctions issue presently under consideration **no later than July 27, 2017**.

2. In addition, because counsel for Plaintiff failed to submit an Exhibit List along with her exhibits for today's hearing, as directed by this Court's June 20, 2017 Order, ECF No. 652 at Paragraph 3, she must file one on the record via ECF **no later than July 14, 2017**.

3. The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge